DYBATA v KISTLER

Docket No. 74365. Submitted November 15, 1984, at Detroit.—Decided January 2, 1985.

Plaintiff, Gale J. Dybata, brought a medical malpractice action in the Wayne Circuit Court against Ole Kistler, a doctor of osteopathy in general practice, and David Prigg, a doctor of osteopathy specializing in obstetrics and gynecology. Plaintiff deposed Dr. Richard A. Fields, a medical doctor specializing in obstetrics and gynecology. Defendant Kistler made a motion *in limine* challenging Dr. Fields's qualifications to testify as an expert witness regarding the standard of care applicable to a general practitioner. The trial court, Louis F. Simmons, Jr., J., granted defendant's motion and barred the testimony of Dr. Fields, finding that Dr. Fields was not qualified to testify regarding the standard of care applicable to a general practitioner. Subsequently, counsel for plaintiff and defendant Kistler signed a stipulation for dismissal of plaintiff's claim against Dr. Kistler with prejudice and without costs "in light of the court's ruling" on the motion *in limine*. Plaintiff appealed. *Held:*

1. A party may not appeal from a consent judgment. However, an appeal may properly be taken from a stipulated

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 116.

24 Am Jur 2d, Dismissal and Nonsuit § 84 *et seq.*

47 Am Jur 2d, Judgments § 1095.

Appellate review of consent judgment, right to. 69 ALR2d 755.

Appellate review at instance of plaintiff who has requested, induced, or consented to dismissal or nonsuit. 23 ALR2d 664.

[2] 5 Am Jur 2d, Appeal and Error §§ 843, 884.

[2-4] 31 Am Jur 2d, Expert and Opinion Evidence § 26 *et seq.*

[3, 4] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 352-354.

Necessity and sufficiency of showing of medical witness' familiarity with particular medical or surgical technique involved in suit. 46 ALR3d 275.

Competency of physician or surgeon of school of practice other than that to which defendant belongs to testify in malpractice case. 85 ALR2d 1022.

dismissal expressly necessitated by and premised upon a dispositive evidentiary ruling.

2. Whether a witness is sufficiently qualified to provide opinion testimony is a decision within the sound discretion of the trial court, and that court's decision will not be disturbed absent an abuse of discretion. The proper test for determining whether a person is qualified to testify as an expert witness in a medical malpractice trial is whether the witness is familiar with the appropriate standard of care. The trial court did not abuse its discretion in barring the testimony.

Affirmed.

1. APPEAL — PRESERVING QUESTION — CONSENT JUDGMENT.

A party may not appeal from a consent judgment; however, an appeal may properly be taken from a stipulated dismissal expressly necessitated by and premised upon a dispositive evidentiary ruling.

2. WITNESSES — EXPERT WITNESSES — APPEAL — QUALIFICATION OF EXPERT WITNESSES.

Whether a witness is sufficiently qualified to provide opinion testimony is a decision within the sound discretion of the trial court, and that court's decision will not be disturbed absent an abuse of discretion.

3. WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE.

The proper test for determining whether a person is qualified to testify as an expert witness in a medical malpractice trial is whether the witness is familiar with the appropriate standard of care.

4. PHYSICIANS AND SURGEONS — MALPRACTICE — EXPERT WITNESSES — GENERAL PRACTITIONERS — SPECIALISTS.

A medical specialist may testify in a trial for medical malpractice as to the standard of care of a general practitioner when the specialist has knowledge of the standard of care about which he is testifying.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Jeffrey N. Shillman),* for plaintiff.

*Siemon, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Raymond W. Morganti),* for defendant.

Before: HOOD, P.J., and BRONSON and R. L. TAH-
VONEN,* JJ.

R. L. TAHVONEN, J. In this medical malpractice
case, plaintiff challenges an order of the trial court
barring the proposed testimony of her expert wit-
ness as to the claim made against defendant, Ole
Kistler. We affirm.

In her complaint, plaintiff alleged that on Sep-
tember 4, 1979, she consulted Dr. Kistler, a doctor
of osteopathy in general practice, because of uter-
ine bleeding, discharge and pain. Dr. Kistler alleg-
edly diagnosed functional uterine bleeding and
treated accordingly. On September 11, 1979, Dr.
Kistler referred plaintiff to Dr. David Prigg, a
doctor of osteopathy specializing in obstetrics and
gynecology. The plaintiff's condition did not im-
prove and she subsequently underwent surgery for
what was determined to be incomplete abortion,
chronic pelvic inflamatory disease, pyosapinx and
pelvic adhesions. Seventeen claims of professional
negligence were set forth in the complaint against
Drs. Kistler and Prigg seeking damages for plain-
tiff's loss of her fallopian tubes, sterility, medical
expenses, pain and suffering, and lost earnings.

Plaintiff deposed Dr. Richard A. Fields, a medi-
cal doctor specializing in obstetrics and gynecol-
ogy. Defendant Kistler made a motion *in limine*
challenging Dr. Fields's qualifications to testify as
an expert witness regarding the standard of care
applicable to a general practitioner. The trial
court granted defendant Kistler's motion and
barred the testimony of Dr. Fields, finding that Dr.
Fields was not qualified to testify regarding the
standard of care applicable to a general practi-
tioner. Subsequently, counsel for plaintiff and de-
fendant Kistler signed a stipulation dismissing

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff's claim against Dr. Kistler with prejudice and without costs "in light of the court's ruling" on the motion *in limine.* The case proceeded to trial against Dr. Prigg and plaintiff recovered a verdict in the amount of $250,000. Plaintiff now appeals as of right from the order dismissing the claim against Dr. Kistler.

As a threshold matter, defendant argues that plaintiff cannot appeal from a stipulated order dismissing her claim. Although we agree with the proposition that one may not appeal from a consent judgment, order or decree, *Dora v Lesinski,* 351 Mich 579; 88 NW2d 592 (1958), we do not believe a dismissal expressly necessitated by and premised upon a dispositive evidentiary ruling is a "consent" judgment or order. To require plaintiff to present proofs as a mere prelude to a certain directed verdict in order to preserve the issue would serve no one's interest. The question is properly before us.

The substantive issue is whether the trial judge abused his discretion in concluding that Dr. Fields was not qualified to testify concerning the standard of care applicable to Dr. Kistler's diagnosis and treatment.

MRE 702 governs the admission of expert testimony. It provides that:

"If the court determines that recognized scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, *a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the* form of an opinion or otherwise." (Emphasis added.)

Whether a witness is sufficiently qualified to provide opinion testimony is a decision within the

sound discretion of the trial court, and that court's decision will not be disturbed absent an abuse of discretion, *Gilmore v O'Sullivan,* 106 Mich App 35, 39; 307 NW2d 695 (1981). The proper test for determining if an expert witness is qualified to testify in a medical malpractice trial is whether the witness is familiar with the appropriate standard of care. *Swanek v Hutzel Hospital,* 115 Mich App 254; 320 NW2d 234(1982); *Thomson v DAIIE,* 133 Mich App 375; 350 NW2d 261 (1984).

The following testimony from Dr. Fields's deposition is claimed by plaintiff to demonstrate his familiarity with the appropriate standard of care:

"*Q.* Can you tell the jury on what you base your statement that you're familiar with the standard of care?

"*A.* It's a two-fold answer really. One is I have—I get referrals from D.O. general practitioners all the time. My brother happens to be a general practitioner and is a D.O., and he refers patients to me. Secondly, I think any doctor who undertakes gynecological care, he should uphold the same standard of care anyone else does."

Having reviewed this testimony, the trial court found:

"In the instant matter, Dr. Fields admitted during deposition that he never worked in the field of family practice or general practice. In addition, Dr. Fields stated that he received referrals from his brother who is a general practitioner. Dr. Fields also admitted when he looks at the cases, he looks through the eyes of a trained obstetrician and gynecologist. First, he doesn't have any experience or training as a general practitioner. Second, by his own admission, he receives referrals from general practitioners. However, his statement does not establish that he has any direct knowledge regarding proceedings of a general practitioner.

"Furthermore, Dr. Fields admitted that when he looks at these cases through the eyes of—he looks as a trained obstetrician and gynecologist. I think I might have repeated that, but he attempts I think to counter these statements by indicating that a gynecologist and a general practitioner treat most gynecological problems in the same manner. A specialist may testify as to the standard of care for general practitioners. However, in doing so, he has to justify the fact that he has knowledge of a general practitioner.

"The court in this matter does grant the motion in limine to strike the testimony of Dr. Richards—excuse me, Dr. Richard A. Fields, M.D., as to the general practitioner * * *."

The trial court concluded that Dr. Fields simply did not have an adequate basis to support the claim that he knew the standard of care for a general practitioner. The fact that Dr. Fields's brother was a D.O.-general practitioner and that Dr. Fields received referrals from D.O.-general practitioners was determined by the court to be an inadequate foundation for his assertion that he knew the standard of care. We cannot say on this record that the trial court findings were clearly erroneous, GCR 1963, 517.1, or that the trial court abused its discretion in finding that Dr. Fields was not qualified to testify as an expert witness with respect to Dr. Kistler.

We note that the trial court correctly recognized that a specialist may testify concerning the standard of care applicable to a general practitioner if the specialist in fact has knowledge of that standard of care, *Siirila v Barrios,* 398 Mich 576; 248 NW2d 171 (1976). Moreover, we have no reservations about the ability of a duly qualified medical doctor to testify concerning the standard of care applicable to a doctor of osteopathy. In an era when lines separating specialties and disciplines in

medical science are increasingly difficult to draw, the central issue is whether a proffered expert— D.O. or M. D., specialist or general practitioner—in fact knows the applicable standard of care. In this case, we cannot say that the trial court erred in concluding that Dr. Fields did not have an adequate basis for asserting his knowledge of the appropriate standard of care.

The decision of the trial court is affirmed and costs are awarded to appellee.