# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 31, 2008

136648

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

EDWIN DEWAYNE RICHMOND,
        Defendant-Appellant.

SC: 136648
COA: 277012
Wayne CC: 06-013878-01

_____/

        On order of the Court, the application for leave to appeal the April 22, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

        KELLY, J. (*dissenting*.)

        In this criminal case, following the trial court's suppression of the prosecution's key evidence, the prosecution moved to dismiss the case, and the judge entered a *nolle prosequi* order. The prosecution then appealed the adverse evidentiary ruling and the Court of Appeals reversed the ruling, permitting reinstatement of the charges against defendant. Defendant has now appealed that decision to this Court, arguing that the Court of Appeals lacked jurisdiction to hear the appeal because the issue is moot.

        The prosecution lacked standing to appeal in the Court of Appeals. It failed to obtain a stay of the proceedings, appealing instead from a dismissal that it had requested. Hence, it was not "an aggrieved party" and, for that reason, lacked standing.[1] Indeed, the prosecutor admits that "it is the better practice" for the prosecutor to "obtain a motion to dismiss from the defense or a dismissal on the court's own motion so as to avoid a claim that the prosecutor cannot appeal that which itself has obtained . . . ."

_____
[1] MCL 770.3.

It is beyond argument that the evidentiary issue is moot, and that this Court does not hear moot issues except under exceptional circumstances not applicable here. *Detroit v Ambassador Bridge Co.*[2]

The prosecution has relied on *Dybata v Kistler*[3] for the proposition that a claim of appeal may be taken from a stipulated dismissal necessitated by an evidentiary ruling. *Dybata* is inapposite here, given that it was a civil case and the parties had stipulated to the dismissal. The Court should abide by the precedent on mootness that it set in *Ambassador Bridge* and the law on standing established by the Legislature in MCL 770.3.

For these reasons, I would vacate the Court of Appeals judgment and dismiss the case for mootness.

CAVANAGH, J., joins the statement of KELLY, J.

MARKMAN, J. (*dissenting.*)

I respectfully dissent. "This 'Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before us . . . .'" *Detroit v Ambassador Bridge*, 481 Mich 29, 50 (2008), quoting *Federated Publications v City of Lansing*, 467 Mich 98, 112 (2002). This is because the judiciary is constrained by our constitution to exercise only the "judicial power." Const 1963, art 3, § 2; *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 637 (2004). "Perhaps the most critical requirement of the 'judicial power' has been its requirement of a genuine case or controversy between the parties, one in which there is a real, not a hypothetical, dispute . . . ." *Id.* at 615 (citation omitted). "We are to decide questions arising and undetermined in a case pending, and we may not tender advice upon matters not in litigation." *Anway v Grand Rapid R Co*, 211 Mich 592, 611-612 (1920) (citation and internal quotation marks omitted).

Any existing "controversy" between the parties in this matter was rendered moot when the case was dismissed on the prosecutor's motion. At that time, the action no longer existed and there was no outstanding controversy for the Court of Appeals or this Court to consider. It is of no moment, in my judgment, that the prosecutor may now refile the charges and, assuming the trial court makes the same ruling, appeal that ruling and end up in the exact same position as we are in now. "'When the judgment appealed from cannot be affected by the decision of the appellate court the case becomes a moot one and the appeal should be dismissed; hearing and deciding such an appeal

---

[2] *Detroit v Ambassador Bridge Co*, 481 Mich 29, 50-51 (2008).

[3] *Dybata v Kistler*, 140 Mich App 65, 68 (1988).

for the purpose of establishing a rule of observance in cases subsequently arising is not an exercise of judicial power.'" *Id.* at 614-615 (citation omitted).

This Court cannot ignore its own precedent. The prosecutor's dismissal rendered this case moot, such that neither the Court of Appeals nor this Court any longer has jurisdiction to render a decision. Accordingly, I would vacate the Court of Appeals judgment and dismiss this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 31, 2008

Clerk

p1028