*42 Corrigan, J.
(dissenting). I would hold that the dismissal on the prosecutor’s motion did not render the subsequent appeal moot. The circuit court’s decision to suppress the evidence aggrieved the prosecution and necessitated the dismissal because the prosecutor was unable to proceed without the evidence. Accordingly, the Court of Appeals did not err by reaching the substance of the prosecution’s appeal.
Except when double jeopardy bars further proceedings, the prosecution may take an appeal of right from a final judgment or a final order of a circuit court in a criminal case. MCL 770.12(1). In a criminal case, a “final judgment” or “final order” includes “an order dismissing the case[.]” MCR 7.202(6)(b)(i). “[T]he people have a right to raise issues related to earlier interlocutory orders in an appeal of right from the final order.” People v Torres, 452 Mich 43, 59; 549 NW2d 540 (1996). “The [Court of Appeals] has jurisdiction of an appeal of right filed by an aggrieved party from ... [a] final judgment or final order of the circuit court. ...” MCR 7.203(A)(1). In this case, the prosecution was aggrieved by the circuit court’s suppression ruling, which effectively ended its case. It had an appeal of right from the dismissal order, in which it was permitted to raise the suppression issue, and the Court of Appeals had jurisdiction over that appeal.
The majority concludes that the prosecution’s “voluntary” dismissal of the charges rendered the subsequent appeal moot, thus depriving the Court of Appeals of jurisdiction. “This ‘Court does not reach moot questions or declare principles or rules of law that have no practiced legal effect in the case before us unless the issue is one of public significance that is likely to recur, yet evade judicial review.’ ” Detroit v Ambassador Bridge Co, 481 Mich 29, 50; 748 NW2d 221 (2008), *43 quoting Federated Publications, Inc v City of Lansing, 467 Mich 98, 112; 649 NW2d 383 (2002), overruled in part on other grounds by Herald Co Inc v Eastern Mich Univ Bd of Regents, 475 Mich 463; 719 NW2d 19 (2006). “[A] moot case is one which seeks to get a judgment on a pretended controversy ... or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.” Anway v Grand Rapids R Co, 211 Mich 592, 610; 179 NW 350 (1920), quoting Ex parte Steele, 162 F 694, 701 (ND Ala, 1908). A case is moot if it presents questions that are “purely academic,” Ideal Furnace Co v Int’l Molders’ Union of North America, 204 Mich 311, 312; 169 NW 946 (1918), or “abstract questions of law which do not rest upon existing facts or rights,” Gildemeister v Lindsay, 212 Mich 299, 302; 180 NW 633 (1920).
The majority acknowledges that the suppression ruling created a controversy, but concludes that “by opting to dismiss the charges, the prosecution voluntarily removed from its claim the controversy that would generally have allowed it to seek appellate review.” I respectfully disagree. The prosecutor’s “voluntary” dismissal of the charges did not render the questions on appeal “abstract” or “purely academic” because it did not end the controversy regarding the circuit court’s suppression ruling. The prosecution retained a legally cognizable interest in the outcome of the case: the prosecution could only pursue its case against defendant after an appellate court’s review and reversal of the circuit court’s (erroneous) evidentiary determination that suppressed crucial evidence. Indeed, the prosecution obtained dismissal of the charges not because it wished to abandon the case, but for the purpose of pursuing it at the appellate level. The dismissal permitted the prosecution to present to the Court of Appeals *44 through an appeal of right the live controversy surrounding the suppression ruling. The mootness doctrine precludes adjudication of a claim that seeks a judgment that “ ‘cannot have any practical legal effect upon a then existing controversy.’ ” Anway, 211 Mich at 610 (citation omitted). Here, the prosecution sought enforcement of our decision in People v Keller, 479 Mich 467; 739 NW2d 505 (2007), which would have the practical legal effect of permitting reinstatement of the charges.
The majority’s decision in this case deprives the prosecution of its statutory right to appeal a final order, MCL 770.12(1), for the sole reason that the circuit court dismissed the charges against defendant on the prosecution’s motion rather than on the defendant’s motion or the court’s own motion. Its decision means that the circuit court’s suppression ruling, which was based on People v Keller, 270 Mich App 446; 716 NW2d 311 (2006), is allowed to stand even though this Court reversed the Court of Appeals’ decision in Keller.[1] The majority’s decision overturns the Court of Appeals’ decision in this case, which corrected the circuit court’s *45 ruling in light of our decision in Keller,[2] It also frustrates the purpose of MCL 770.12(1), which was designed to ensure that the prosecution has the same right to appeal that a defendant has, within constitutional limits. Torres, 452 Mich at 59. The majority has no answer to the justified criticism that its opinion prevents the pursuit of a statutorily provided right to appeal created explicitly for prosecutors. That this right was created in direct response to prior decisions by this Court that disadvantaged prosecutors makes the majority’s decision all the more ironic and mistaken.[3]
The majority’s suggestion that the prosecution voluntarily mooted its own case by obtaining dismissal of the charges is problematic because it implies that the prosecution could have simply “unmooted” the case at *46 any time by reinstating the charges. This is simply not true. MRPC 3.1 provides that “[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous.” In light of the circuit court’s ruling suppressing the evidence on which it sought to try the case, the prosecution could not ethically reissue the charges.[4] Instead, it properly filed a claim of appeal in the Court of Appeals on March 20, 2007. On July 25, 2007, while the appeal was pending, we issued Keller.
Moreover, there is absolutely no difference between a prosecutor who moves to dismiss a case for the purpose of pursuing an appeal and a prosecutor who agrees to a dismissal by the circuit court in order to pursue an appeal. The majority fails to explain why the fact that the circuit court dismissed the case on the prosecutor’s motion rather than on defendant’s motion or the court’s own motion justifies depriving the prosecution of its appeal of right. In either case, dismissal of the charges is a recognition that the prosecution’s case cannot proceed given the court’s evidentiary ruling and permits the prosecution to appeal that evidentiary ruling. Caselaw from our Court of Appeals recognizes this. In Dybata v Kistler, 140 Mich App 65; 362 NW2d 891 (1985), a medical malpractice case, the trial court barred testimony from the plaintiff’s expert witness regarding the standard of care applicable to a general practitioner. In light of that ruling, the plaintiff stipulated to an order dismissing her claim against a doctor of osteopathy in general practice. Id. at 67-68. After the case proceeded to trial against a second doctor, the plaintiff appealed the dismissal order. Id. at 68. The Court of Appeals rejected the defendant’s argument that *47 the court lacked jurisdiction given the plaintiffs stipulation of the dismissal:
As a threshold matter, defendant argues that plaintiff cannot appeal from a stipulated order dismissing her claim. Although we agree with the proposition that one may not appeal from a consent judgment, order or decree, Dora v Lesinski, 351 Mich 579; 88 NW2d 592 (1958), we do not believe a dismissal expressly necessitated by and premised upon a dispositive evidentiary ruling is a “consent” judgment or order. To require plaintiff to present proofs as a mere prelude to a certain directed verdict in order to preserve the issue would serve no one’s interest. The question is properly before us. [/d.][5]
Similarly, in Fairley v Andrews, 578 F3d 518, 521 (CA 7, 2009), Judge Frank H. Easterbrook explained that the “only prerequisites to appellate jurisdiction are a final judgment and a timely notice of appeal.”
That said, if plaintiffs consented to the entry of judgment against them, we must affirm. Litigants aren’t aggrieved when the judge does what they want. Plaintiffs contend that they accepted dismissal as inevitable only after the district court gutted their case. This matches the district judge’s description. Acknowledging that a case is hopeless, given a prior ruling (which the party believes to be unsound), is a far cry from abandoning the suit.... [A] party who asks for a final judgment in order to appeal an antecedent ruling is entitled to contest the merits of that issue on appeal. [Id. at 521-522 (citations omitted).]
*48 Dybata and Fairley recognized what the majority in this case ignores: an acknowledgment “that a case is hopeless, given a prior ruling,” id. at 522, does not extinguish the controversy concerning that prior ruling. On the contrary, agreement to a dismissal order permits the aggrieved party to avail itself of an appeal of right while avoiding the certain directed verdict that would result from proceeding with a hopeless case. This analysis is even more compelling in a criminal case, in which a directed verdict or acquittal bars any appeal under double jeopardy principles.[6]
Because I would hold that “a party who asks for a final judgment in order to appeal an antecedent ruling is entitled to contest the merits of that issue on appeal,” id., I respectfully dissent.[7]
*49 Weaver and Young, JJ., concurred with Corrigan, J.

 In Keller, 479 Mich at 478-479, we concluded that the Court of Appeals erred by holding that the affidavit in support of a search warrant was insufficient:
[T]here is a “multiple-step analysis to determine whether severability is applicable.” First the court must divide the warrant into categories. Then, the court must evaluate the constitutionality of each category. If only some categories are constitutional, the court must determine if the valid categories are distinguishable from the invalid ones and whether the valid categories “make up the great part of the warrant.” Here, the warrant authorizes the seizure of three categories of evidence: marijuana; distribution evidence, such as currency and packaging paraphernalia; and possession evidence, such as proof of residency. Of these three categories, the only one that is arguably invalid is the distribution evidence. If it were invalid, that category would be severable from the others. [Citations omitted.]

 In this case, the Court of Appeals concluded, under our decision in Keller, that the circuit court erred by concluding that the information in the affidavit was insufficient to establish probable cause to issue a warrant because the discovery of a marijuana stem in the trash taken from defendant’s home provided a sufficient basis to conclude that there was probable cause to search the home. People v Richmond, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2008 (Docket Nos. 277012 and 277015), p 3. Although that discovery did not provide a substantial basis for concluding that there was probable cause to search for evidence of cultivation, the valid part of the warrant formed the greater portion of the warrant, so that the portion of the warrant pertaining to cultivation was severable. Id.

 MCL 770.12 was amended by 1988 PA 66 to provide for this right of appeal. The source of the public act was HB 4719. Senate Legislative Analysis, HB 4719, March 1, 1988, explained that HB 4719 was introduced to address the disadvantage to the prosecution created by the combination of two Michigan Supreme Court decisions, People v Cooke, 419 Mich 420; 355 NW2d 88 (1984), which held that prosecutor appeals are only permitted in limited instances set forth in Code of Criminal Procedure, and People v Coles, 417 Mich 523; 339 NW2d 440 (1983), which ruled that, upon a defendant’s request in an appeal of right or by leave granted, an appellate court must review a trial court’s exercise of discretion in sentencing, but may grant the defendant relief only if the sentencing court abused its discretion to the extent that it shocks the conscience of the appellate court.

 The majority has no answer to this ethical quandary.

 The majority dismisses Dybata as “factually inapposite to this case because it was a civil case in which the parties stipulated a dismissal.” The majority observes that here “the parties did not stipulate a dismissal.” There is no functional difference between the stipulated dismissal order “ ‘in light of the court’s ruling’ on the motion in limine" in Dybata, 140 Mich App at 67-68, and the prosecution’s'motion to dismiss the charges after the circuit court’s dispositive evidentiary ruling on defendant’s motion to suppress in this case. Dybata is thus most certainly not “factually inapposite.”

 Statutes in several jurisdictions address this problem directly by expressly permitting prosecutor appeals from suppression orders. In Delaware, when a trial court enters an order suppressing evidence and the attorney general certifies that the suppressed evidence is essential to the prosecution of the case, the court “shall dismiss” the charges, and the prosecution has an appeal of right from the dismissal order. Del Code Ann tit 10, § 9902(b) and (c). In New York, under NY Crim Proc L 450.20(8), the prosecution may take an appeal of right from a pretrial order suppressing evidence, provided that it files
a statement asserting that the deprivation of the use of the evidence ordered suppressed has rendered the sum of the proof available to the people with respect to a criminal charge which has been filed in the court either (a) insufficient as a matter of law, or (b) so weak in its entirety that any reasonable possibility of prosecuting such charge to a conviction has been effectively destroyed. [NY Crim Proc L 450.20(1).]
See also Ohio R Crim P 12(K).

 The majority suggests that the Court of Appeals “may have encroached on an executive function in violation of the doctrine of separation of powers by remanding for reinstatement of the charges.” While I agree with the majority that it was for the prosecutor to decide whether to reinstate the charges, this does not undermine the conclusion that the *49 Court of Appeals properly exercised jurisdiction over the prosecution’s appeal. Moreover, the Court of Appeals’ remanding for reinstatement of the charges merely recognized that the prosecution moved for dismissal of the charges only because of the circuit court’s suppression ruling, which the Court of Appeals properly reversed.