# STATE OF MICHIGAN

# COURT OF APPEALS

BENJAMIN ASHMORE,

        Plaintiff-Appellant,

v

KELLY ASHMORE,

        Defendant-Appellee.

UNPUBLISHED
December 15, 2016

No. 333440
Oakland Circuit Court
Family Division
LC No. 2014-819119-DC

Before: SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying his motion to change custody. We affirm.

Plaintiff presents arguments challenging the denial of his motion to change custody. "Three different standards govern our review of a circuit court's decision in a child-custody dispute. We review findings of fact to determine if they are against the great weight of the evidence, we review discretionary decisions for an abuse of discretion, and we review questions of law for clear error." *Kubicki v Sharpe*, 306 Mich App 525, 538; 858 NW2d 57 (2014). "This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). Under the great weight of the evidence standard, the trial court's findings are affirmed unless the evidence clearly preponderates in the opposite direction. *Mitchell v Mitchell*, 296 Mich App 513, 519; 823 NW2d 153 (2012). The trial court's credibility determinations are accorded deference given its superior position to make such determinations. *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). Clear legal error exists when the trial court errs in choosing, interpreting, or applying the law. *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013).

Under the Child Custody Act, a custody order may be modified only if the moving party first establishes proper cause or a change of circumstances by a preponderance of the evidence. MCL 722.27(1)(c); *In re AP*, 283 Mich App 574, 600; 770 NW2d 403 (2009); *Corporan*, 282 Mich App at 603.

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground

for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors. [*Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003).]

[I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Id*. at 513-514.]

In seeking to demonstrate a change of circumstances, a movant cannot rely on changes that occurred before the entry of the last custody order. *Id*. at 514. Proper cause may be established on the basis of facts that existed before the entry of the last custody order, but such facts generally will not demonstrate proper cause. *Id*. at 515. "[A] party would be hard-pressed to come to court after a custody order was entered and argue that an event of which they were aware (or could have been aware of) before the entry of the order is thereafter significant enough to constitute proper cause to revisit the order." *Id*. "Although the threshold consideration of whether there was proper cause or a change of circumstances might be fact-intensive, the court need not necessarily conduct an evidentiary hearing on the topic." *Corporan*, 282 Mich App at 605.

In this case, the last custody order was entered on May 26, 2015, by consent of the parties. Almost a year later, plaintiff sought to change the custody of the parties' youngest child, LA—of whom the parties shared joint legal custody but whose primary residence was with defendant—on the basis of claims pertaining to LA's alleged academic underperformance and lack of morale in school, defendant's supposed failure to attend to LA's medical and mental health needs, and purported efforts by defendant's relatives to thwart LA's communication with plaintiff. The evidence does not clearly preponderate in the opposite direction of the trial court's determination that plaintiff failed to establish proper cause or a change of circumstances.

With respect to LA's performance in school, her most recent report card contradicts plaintiff's claim regarding LA's supposed academic difficulties and poor morale. The report card shows that LA has improved her academic performance, with grades of between B+ and B- in all subjects, in the most recent marking period. The report card also indicates that LA's overall behavior is consistently upbeat and enthusiastic and that she is making strong connections with her peers. With respect to defendant's purported failure to obtain mental health care for LA, plaintiff acknowledged at the motion hearing below that LA had been to 11 therapy sessions. Although defendant apparently did not begin LA's therapy as soon as contemplated,

the trial court reasonably concluded that the issue of therapy is now being adequately addressed. Plaintiff claims that annual wellness visits and vaccinations were not provided, but plaintiff himself took LA to the doctor for vaccinations over Christmas break, and there is no indication that LA's medical care has been inadequate. The parties disagree about whether LA is ready for dental braces; given LA's relatively young age and the indication that she does not yet have all of her adult teeth, the trial court did not err in rejecting plaintiff's argument on this point. Plaintiff fails to identify any impropriety in defendant's having obtained a second ophthalmologist opinion about whether LA needed glasses. Regarding plaintiff's claim that defendant's relatives sometimes take away LA's cellular telephone charger in order to thwart her communication with plaintiff, the trial court at the hearing on the motion to change custody instructed the parties to work together on facilitating electronic communication, and there is no indication that such an admonition was inadequate to address this matter or that LA's communication with plaintiff was or is being seriously undermined. Overall, the evidence did not clearly preponderate against the conclusion that plaintiff failed to establish an appropriate ground to revisit custody and that plaintiff failed to show a significant change of conditions surrounding custody that could significantly affect LA's well-being. The trial court's determination that plaintiff failed to show proper cause or a change of circumstances was not against the great weight of the evidence.

Plaintiff asserts that the trial court erred in failing to hold an evidentiary hearing. However, a trial court is not required to conduct an evidentiary hearing on the threshold consideration of whether there was proper cause or a change of circumstances. *Corporan*, 282 Mich App at 605; see also *Vodvarka*, 259 Mich App at 512 ("[oftentimes], the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard"). Plaintiff has not demonstrated that an evidentiary hearing was necessary. Plaintiff suggests the record was inadequate because there was no affidavit or testimony by defendant, but plaintiff is hardly in a position to complain about the adequacy of the record. Near the end of the motion hearing, after the trial court indicated how it was going to rule, defense counsel indicated he might need to further develop the record for any appeal, and plaintiff then stated, "I can assure you, [defense counsel], there's not an appeal that's going to be filed to this." "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Living Alternatives for Developmentally Disabled, Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994). Given plaintiff's assertion below that no appeal would be filed—in direct response to defense counsel's expression of his wish to further develop the record for any appeal that would be filed—plaintiff cannot now argue that the record is inadequate for appellate review. In any event, as discussed, the record supports the trial court's determination that plaintiff failed to establish proper cause or a change of circumstances.

Plaintiff suggests that the trial court has not made a determination that the present custodial arrangement to which the parties consented in May 2015 is in LA's best interests. However, plaintiff did not file an appeal from the trial court's May 26, 2015, custody consent

order.[1] "When a final order is entered, a claim of appeal from that order must be timely filed. A party cannot wait until the entry of a subsequent final order to untimely appeal an earlier final order." *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007). If an order is a "final order" under MCR 7.202(6)(a)(iii) as "a postjudgment order affecting the custody of a minor," and the appellant failed to file a timely claim of appeal from that order, the appellant's challenges to the prior order in a later appeal are not properly before this Court, and this Court lacks jurisdiction to address those claims. *Id*. at 293-294. The present appeal is from the May 20, 2016, order denying plaintiff's motion to change custody, not from the May 26, 2015, custody consent order. In any event, the trial court, after hearing two days of testimony at the May 2015 evidentiary hearing, stated that the custody consent order was in the best interests of the children. Further, the court signed the custody consent order. The trial court thus fulfilled its obligation to satisfy itself that the custody agreement was in the best interests of the children. See *Harvey v Harvey*, 470 Mich 186, 192-193; 680 NW2d 835 (2004).

Plaintiff argues that the trial court did not consider whether proper cause was established, instead focusing only on whether there was a change of circumstances. We disagree. Although the trial court initially stated only that there was not a change of circumstances, the court twice stated later at the hearing that it did not find proper cause or a substantial change of circumstances. The trial court's written order denying plaintiff's motion likewise stated that plaintiff not shown a substantial change of circumstances or proper cause. Moreover, as discussed earlier, the trial court's determination that this threshold standard was not met was supported by the record.

Finally, plaintiff argues that an analysis of the best-interests factors set forth in MCL 722.23 weighs in favor of awarding sole custody of LA to plaintiff. Plaintiff therefore asks that this Court grant him sole custody or remand the case for an evidentiary hearing on his motion to change custody. Because plaintiff failed to make the required threshold showing of proper cause or a change of circumstances, a modification of the custody consent order was not permitted, and the trial court correctly declined to hold an evidentiary hearing on the best-interests factors. See *Corporan*, 282 Mich App at 603 ("a trial court may modify a custody award only if the moving party first establishes proper cause or a change of circumstances"); see also *id*. at 609 ("[b]ecause [the moving party] failed to make the required threshold showing . . . , the trial court properly declined to conduct an evidentiary hearing on defendant's motion for change of custody"). Plaintiff's arguments are without merit.

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray

---

[1] Indeed, one may not appeal from a consent judgment. *Dybata v Kistler*, 140 Mich App 65, 68; 362 NW2d 891 (1985).