*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re KNEELAND/RAMIREZ, Minors.

UNPUBLISHED
January 28, 2020

No. 348722
Kent Circuit Court
Family Division
LC Nos. 17-051338-NA;
17-051932-NA; 17-051933-NA

In re N. RAMIREZ, Minor.

No. 348723
Kent Circuit Court
Family Division
LC No. 17-051932-NA

Before: MARKEY, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

In Docket No. 348722, respondent-mother voluntarily released her parental rights to her three children, and she now appeals on the basis that termination was against the best interests of the children, but she does not challenge or attempt to set aside the relinquishment of her parental rights. Respondent-mother waived any argument concerning the children's best interests; therefore, we reject her appeal. In Docket No. 348723, respondent-father appeals by right the trial court's order terminating his parental rights to the minor child, NR, under MCL 712A.19b(3)(a)(*ii*) (desertion of the child for 91 days or more), (c)(*i*) (conditions of adjudication continue to exist), and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm the trial court's termination order.

At the termination trial, respondent-mother agreed to release or relinquish her parental rights to her three minor children. The trial court elicited information from respondent-mother in an effort to establish a voluntary, knowing, and understanding release of her parental rights. The court specifically asked respondent-mother whether she had concluded that the best interests of the children would be served by adoption, and respondent-mother answered in the affirmative. Respondent-mother did not move to set aside the trial court's ruling or to argue that the release

was not voluntarily, knowingly, or understandingly made. The full extent of respondent-mother's argument on appeal is as follows:

> Although [respondent-mother] released her parental rights at the outset of the scheduled [t]ermination [h]earing, it seems clear that the children were bonded with [respondent-mother]. It would be in the best interests of the children to be with their mother at such time that she is able to complete her treatment plan and demonstrate to the court that she can properly care for the children.

Assuming that respondent-mother is even an "aggrieved party" such that we have jurisdiction over her appeal, MCR 7.203(A),[1] we hold that she plainly waived any argument regarding the children's best interests. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (waiver is the intentional abandonment or relinquishment of a known right); *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) (the respondent's appellate argument challenging the statutory grounds for termination directly contradicted the respondent's plea, and she "may not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit respondent to harbor error as an appellate parachute").

With respect to respondent-father, he argues that the trial court clearly erred by finding that there was clear and convincing evidence supporting the statutory grounds for termination and by finding that there was a preponderance of evidence showing that termination of his parental rights was in NR's best interests.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. MCL 712A.19b(3) and (5); MCR 3.977(H)(3); *In re Beck*, 488 Mich 6, 10-11; 793 NW2d 562 (2010); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App at 264; see also MCR 3.977(K). "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed[.]" *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004). In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C).

---

[1] "[O]ne may not appeal from a consent judgment, order or decree[.]" *Dybata v Kistler*, 140 Mich App 65, 68; 362 NW2d 891 (1985). Respondent-mother consented to the release of her parental rights.

The trial court terminated respondent-father's parental rights pursuant to MCL 712A.19b(3)(a)(*ii*), (c)(*i*), and (j). Under MCL 712A.19b(3)(a)(*ii*), parental rights may be terminated when "[t]he child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period." Here, respondent-father did not openly communicate with the caseworker or participate in a parent-agency treatment plan from July 2017 to November 2018. Although he visited NR before the adjudication hearing in September 2017, respondent-father had not seen her since that visit. From his first meeting with the caseworker, respondent-father indicated that he did not want to participate in a parent-agency treatment plan and that he wanted to sign a nonparticipation agreement. The only communication that the caseworker received from respondent-father from October 2017 until he resurfaced in November 2018 entailed respondent-father's desire to sign a nonparticipation agreement. Respondent-father was unavailable for about a year, and he made no effort to see NR, let alone provide proper care and custody for her. Because respondent-father did not seek custody of NR and deserted her for well over 91 days, the trial court did not clearly err by finding that MCL 712A.19b(3)(a)(*ii*) was established by clear and convincing evidence.

Moreover, considering that father' substance abuse was a condition leading to adjudication, that he was on probation for drug-related crimes when NR was removed, that he tested positive for marijuana, cocaine, and amphetamines one month before the termination hearing, and that he had not even had a psychological evaluation or substance abuse assessment, we hold that the trial court did not clearly err by terminating respondent-father's parental rights under MCL 712A.19b(3)(c)(*i*). These same facts also lead us to conclude that the trial court did not clearly err by terminating respondent-father's parental rights under MCL 712A.19b(3)(j).

With respect to a child's best interests, we place our focus on the child rather than the parent. *In re Moss*, 301 Mich App at 87. In assessing a child's best interests, a trial court may consider such factors as a "child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

In this case, the trial court carefully and thoroughly considered all of the factors listed above and determined that most of them weighed in favor of termination being in NR's best interests. Although respondent-father met with the caseworker three weeks before the termination hearing and expressed a desire to participate in services and to complete a parent-agency treatment plan, he had been absent for over a year. Respondent-father did not participate in any services, failed to comply with a parent-agency treatment plan or case service plan, and did not attend parenting-time visits, except for the single visit before the adjudication hearing. The trial court found that any bond that respondent-father may have had with NR was "extremely tenuous and strained" because of his absence. While NR was not in a pre-adoptive foster home at the time of termination, the trial court found that allowing respondent-father more time to complete services was not in NR's best interests. The trial court's reasoning was sound and supported by the record,

and we cannot conclude that the court clearly erred by finding that a preponderance of the evidence showed that termination of respondent-father's parental rights was in NR's best interests.

We affirm.

/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly