CORPORAN v HENTON

Docket No. 285778. Submitted December 10, 2008, at Detroit. Decided March 5, 2009, at 9:05 a.m.

The Oakland Circuit Court, Family Division, Elizabeth Pezzetti, J., entered a judgment for child support and custody that awarded the plaintiff, Paula M. Corporan, and the defendant, Mark E. Henton, joint legal custody of their minor son and awarded the plaintiff sole physical custody. The court thereafter granted the plaintiff's motion to change her domicile from Michigan to St. Petersburg, Florida, and also ordered that the child spend the summers and Christmas breaks with the defendant. The defendant moved for a change of custody, but the court denied the motion. The defendant brought a second motion for a change of custody, alleging that there had been a change of circumstances warranting a change of custody. The court held a preliminary hearing, during which the court ruled that the plaintiff's alleged financial problems were not a sufficient change of circumstances that warranted a change of custody. The court refused to consider the motion any further because the defendant had failed to meet the threshold requirement of showing a change of circumstances. The defendant moved for reconsideration, but the court denied the motion. The defendant appealed.

The Court of Appeals *held*:

1. A trial court may modify a custody award only if the moving party first establishes proper cause or a change of circumstances. A trial court may not hold a custody hearing if the moving party fails to first demonstrate either proper cause or a change of circumstances. The trial court need not necessarily conduct an evidentiary hearing to determine whether the moving party has met his or her burden of proof.

2. The trial court properly determined that the defendant had failed to establish by a preponderance of the evidence either proper cause or a change of circumstances sufficient to warrant reconsideration of the previous custody order. The trial court did not abuse its discretion by denying the defendant's motion and declining to conduct an evidentiary hearing.

3. Changes of economic circumstances, standing alone, are

insufficient to warrant revisiting a custody order. The trial court correctly noted that such changes are more appropriately addressed through motions for modification of child support.

4. The trial court's determinations, that the defendant failed to demonstrate a change of circumstances with evidence that the plaintiff was experiencing financial problems and that the child's academic performance had declined, were not against the great weight of the evidence.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — CHANGES IN PARENT'S FINANCIAL CIRCUMSTANCES.

Changes in a parent's financial circumstances, standing alone, are insufficient to warrant a hearing to determine whether a previously entered child custody order should be modified; such changes, standing alone, do not establish proper cause or a change of circumstances that would warrant conducting an evidentiary hearing following a motion for a change of custody; changes of financial circumstances may be addressed through motions for modification of child support.

*Greene Law Group, P.L.C.* (by *Anthony Greene*), for the defendant.

Before: SERVITTO, P.J., and OWENS and K. F. KELLY, JJ.

K. F. KELLY, J. Defendant appeals as of right the trial court's order denying defendant's motion for change of custody. Defendant argues that, contrary to the trial court's conclusion, he presented sufficient evidence of a change of circumstances to warrant an evidentiary hearing on the issue whether a change of custody would be in the best interests of the parties' minor son. We hold that the trial court employed the proper procedure by first determining whether proper cause or a change of circumstances had been established by a preponderance of the evidence. We also affirm the trial court's ruling that negative financial changes, if any, are more appropriately addressed in a child support context rather than in a change of custody motion. Finally, we

affirm its decision that defendant failed to show proper cause or a change of circumstances warranting an evidentiary hearing.

## I. BASIC FACTS AND PROCEDURAL BACKGROUND

Pursuant to the original consent judgment of support entered on January 6, 2004, plaintiff was awarded sole physical custody of the parties' minor son, with joint legal custody to plaintiff and defendant. On August 23, 2006, the trial court granted plaintiff's motion to change her domicile from Michigan to St. Petersburg, Florida. The order provided that the child would remain with defendant "until the end of the first marking period" in the St. Petersburg school district, and then the child would move to Florida and reside with plaintiff. The order further provided that the child was "to spend summers with his dad from one week after school is out in [Florida] until one week before school starts in [Florida] and Christmas break with dad and any other time by mutual agreement of the parents." On January 5, 2007, defendant moved for a change of custody. On January 26, 2007, the trial court entered an order denying defendant's motion but slightly modifying the parenting schedule to include specific dates and to require plaintiff to pay for all transportation costs.

On March 28, 2008, defendant moved again for a change of custody. In his motion, defendant argued that after the trial court entered the January 26, 2007, order there had been a change of circumstances warranting a change of sole physical custody to defendant. Specifically, defendant alleged that plaintiff had difficulty maintaining steady employment, failed to provide an airplane ticket for the Christmas parenting time, received numerous eviction notices,

and, for a period of approximately six weeks, was without a telephone. Moreover, according to defendant, the minor child did less well in school when living with plaintiff and his activity level had declined.[1] Defendant claimed that it would be in the child's best interests for defendant to have sole physical custody because he was better able to provide financial support, as well as "a stable, satisfactory environment." Plaintiff did not file a written response to defendant's motion for change of custody.

On April 23, 2008, the trial court held a preliminary hearing on defendant's motion for change of custody. Plaintiff appeared at the hearing by telephone. In response to defendant's allegation that plaintiff withheld parenting time in violation of the trial court's order, plaintiff argued that she could not afford to purchase an airline ticket for the minor child to visit defendant during the winter holiday season. However, plaintiff stated that she had already purchased an airline ticket for him to travel to Michigan for his next scheduled visit during the summer. She further argued that she was still living in the same apartment and had not been evicted and that her problems with the landlord were a result of late fees added to the rent. Defendant argued that this constituted a change of economic circumstances and that it would be in the minor child's best interests for defendant to have sole physical custody.

The trial court ruled that plaintiff's alleged financial problems do not constitute a change of circumstances sufficient to warrant a change of custody. It further

---

[1] Defendant also alleged that plaintiff's housemate continued to have contact with a physically abusive ex-boyfriend and that the housemate's 23-year-old son, who also lived with them, allegedly indicated that he "might harm" the minor child. This allegation was not made in the trial court, nor is it raised on appeal.

determined that the financial issues could be addressed by an increase in the amount of child support payments pursuant to a properly filed motion to modify child support. Because defendant failed to meet the threshold requirement of showing a change of circumstances, the trial court refused to consider defendant's motion any further. Defendant moved for reconsideration, which the trial court denied, reiterating its previous reasoning, as follows:

> As indicated on [sic] at the April 23rd hearing, I do not find that Defendant has shown a sufficient change of circumstance to warrant a hearing on change of custody. The parties were reminded that if they have a child support issue, one of them needs to file a motion with respect to child support, and Plaintiff was instructed to comply with the parenting Order in place.

This appeal followed.

## II. APPLICABLE LAW

The goal of MCL 722.27 is to minimize unwarranted and disruptive changes of custody orders, except under the most compelling circumstances. *Foskett v Foskett*, 247 Mich App 1, 6; 634 NW2d 363 (2001). And, a trial court may modify a custody award only if the moving party first establishes proper cause or a change of circumstances. MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). Accordingly, a party seeking a change in the custody of a child is required, as a threshold matter, to first demonstrate to the trial court either proper cause or a change of circumstances. *Killingbeck v Killingbeck*, 269 Mich App 132, 145; 711 NW2d 759 (2005); see also *Harvey v Harvey*, 470 Mich 186, 192; 680 NW2d 835 (2004). If a party fails to do so, the trial court may not hold a child

custody hearing.[2] This Court has explained the meaning of "proper cause" and "change of circumstances":

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors.
>
> \* \* \*
>
> [I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by

---

[2] Alternatively, if the moving party succeeds in making this threshold showing, the court must then determine if the child has an established custodial environment with one parent or with both. Once the court makes a factual determination regarding the existence of an established custodial environment, which determines the burden of proof to be applied, the court must weigh the statutory best interest factors of MCL 722.23 and make a factual finding regarding each factor in the context of a child custody hearing. *Schlender v Schlender*, 235 Mich App 230, 233; 596 NW2d 643 (1999).

the statutory best interest factors. [*Vodvarka, supra* at 512-514 (emphasis in original).]

Although the threshold consideration of whether there was proper cause or a change of circumstances might be fact-intensive, the court need not necessarily conduct an evidentiary hearing on the topic. *Id.* at 512.

### III. STANDARDS OF REVIEW

This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard. *Id.* at 507-508. Under the great weight of the evidence standard, this Court defers to the trial court's findings of fact unless the trial court's findings "clearly preponderate in the opposite direction." *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994) (citation and quotation marks omitted). In reviewing child custody decisions, we apply three standards of review:

The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000) (citations omitted).]

We review a trial court's ruling on a motion for reconsideration for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of

principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

IV. ANALYSIS

We agree with the trial court that defendant failed to establish by a preponderance of the evidence either proper cause or a change of circumstances sufficient to warrant reconsideration of the previous January 26, 2007, custody and parenting time order. After making this threshold determination, the trial court did not abuse its discretion by denying defendant's motion for change of custody and declining to conduct an evidentiary hearing.

A. FINANCIAL DIFFICULTIES

Defendant contends that the evidence shows that plaintiff had incurred financial problems, specifically, difficulties with paying her rent in a timely manner. This argument addresses the "best interests of the child" factor c, which permits the trial court to consider "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs." MCL 722.23(c). These problems, in defendant's view, could have resulted in the eviction of plaintiff and the child, and demonstrated that there was a sufficient change of economic circumstances to warrant a change of custody. According to defendant, the change of economic circumstances was also shown by plaintiff's failure to provide airline transportation for the child to visit defendant during the previous holiday season. The trial court rejected defendant's contention that this change of economic circumstances warranted a change of custody because, according to the trial

court, plaintiff's shortage of income could be remedied by an increase in child support. This Court arrived at a similar conclusion in *Dempsey v Dempsey*, 96 Mich App 276, 289-290; 292 NW2d 549 (1980), mod 409 Mich 495 (1980). In *Dempsey*, this Court reasoned that a parent with "more modest economic resources" is nonetheless entitled to equal consideration in the child custody context, because "[i]f the parties are substantially different as to economic circumstances, the [trial] court has ample power through its orders, if it be in the best interests of the child or children, to equalize those circumstances." *Id.* at 290. We agree with the trial court that changes of financial circumstances are more appropriately addressed through a properly filed motion to review and/or change child support. Changes of economic circumstances, standing alone, are insufficient to warrant revisiting a previously entered child custody order.

Further, we are not persuaded that the trial court erred by concluding that defendant failed to show "that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Vodvarka, supra* at 513 (emphasis in original). Although defendant presented evidence that plaintiff had difficulty paying her rent, and had, in fact, been threatened with eviction at one point, the record does not show that plaintiff and the child were ever compelled to vacate their residence, or that the living arrangement of plaintiff and the child actually changed in any way from January 26, 2007, through the date of the hearing on April 23, 2008. Further, although plaintiff admitted at the hearing that she did not comply with the trial court order with respect to providing defendant with parenting time, plaintiff articulated her intent and ability to follow the order in the

future, having already purchased the airline ticket for the child's next scheduled visit with defendant during the upcoming summer months. Thus, defendant's assertion, that plaintiff "blatant[ly] refus[ed] to make the minor child available" for parenting time, is unsupported by the record. We conclude that the trial court's finding, that defendant failed to demonstrate a change of circumstances with the evidence that plaintiff was experiencing financial problems, was not against the great weight of the evidence.

### B. THE MINOR CHILD'S GRADES

Defendant next argues that "based upon a review of the minor child's grades since the entry of the last custody order, there appears to be significant decline in the minor child's academic performance." The trial court's finding that this evidence did not demonstrate a change of circumstances was not against the great weight of the evidence. Defendant addresses "best interests of the child" factor h, "[t]he home, school, and community record of the child." MCL 722.23(h). Although a comparison of the grade reports from Adler Elementary School (Southfield, Michigan) and Maximo Elementary School (St. Petersburg, Florida) shows that the child's grades have declined to a minor extent in certain subjects, the child's grades do not show anything "more than the normal life changes (both good and bad) that occur during the life of a child . . . ." *Vodvarka, supra* at 513. The child apparently excelled in five of twelve factors of language arts in Michigan, but achieved an overall grade of "C" in reading and writing in Florida. However, although the child achieved average grades in art in Michigan, he received an excellent grade for art in Florida.

According to the Florida progress reports, the child is not in danger of failing in any subject. Furthermore, although defendant attempts to attribute the decline in the child's academic performance to the child's current custodial environment, the changes in the child's grades could also have been caused by the difficulty of the educational material, differences in instructional methods, or many other reasons. In other words, defendant has failed to present evidence to demonstrate that the minor decline in the child's grades represents a "material change[ ] [that has] had or will almost certainly have an effect on the child." *Id*. at 513-514. The trial court's conclusion, that defendant failed to demonstrate a change of circumstances with the evidence that the child's academic performance has declined, was not against the great weight of the evidence.

Because defendant failed to make the required threshold showing of a change of circumstances, the trial court properly declined to conduct an evidentiary hearing on defendant's motion for change of custody. *Id*. at 508, 516. For the same reasons, we also affirm the trial court's order denying reconsideration.

Affirmed.