# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM STUMPE,

        Plaintiff-Appellant,

v

DEBORAH STUMPE,

        Defendant-Appellee.

UNPUBLISHED
August 18, 2016

No. 328614
Genesee Circuit Court
LC No. 11-302568-DM

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

The trial court conducted a nine-day evidentiary hearing with respect to plaintiff's motion to modify custody of the parties' minor child, KS. In a lengthy opinion and order, the trial court denied plaintiff's motion, and plaintiff appeals as of right the court's ruling. We affirm.

On appeal, plaintiff first contends that the trial court erred in concluding that proper cause or a change of circumstances did not exist to warrant reexamination of the existing custodial arrangement. Plaintiff alleges a litany of factual circumstances that he claims amounted to proper cause or a change of circumstances.

"This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009), citing *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2004). The great weight standard requires that the trial court's factual findings be affirmed unless the evidence clearly preponderates in the opposite direction. *Butler v Simmons-Butler*, 308 Mich App 195, 200; 863 NW2d 677 (2014). A trial court's custody order must be affirmed on appeal " 'unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Diez v Davey*, 307 Mich App 366, 389; 861 NW2d 323 (2014), quoting MCL 722.28.

The seminal case on the issue of proper cause or a change of circumstances as contemplated by MCL 722.27(1)(c) is *Vodvarka*, 259 Mich App 499. In *Vodvarka*, this Court recognized that if a trial court makes a determination that proper cause or a change of circumstances does not exist warranting reexamination of an existing custody arrangement, the trial court is statutorily precluded from revisiting a valid prior custody decision and from

-1-

engaging in a reconsideration of the best interest factors. *Id*. at 508-509. The person moving to alter custody bears the burden, by a preponderance of the evidence, of demonstrating that proper cause or a change of circumstances exists before the trial court may undertake an inquiry into whether an established custodial environment exists. *Id*. at 509. In *Vodvarka*, this Court set forth an "objective test for courts to apply in determining what constitutes proper cause or a change of circumstances." *Id*. at 510. Recognizing that the underlying purpose of MCL 722.27(1)(c) is to minimize unwarranted disruptions in a child's custody and to "[p]rovid[e] a stable environment for children[,]" this Court first provided guidelines for determining if proper cause exists. *Id*. at 509, 510-512. In doing so, the *Vodvarka* panel observed that there are no applicable "hard or fast rule[s]" and that the inquiry is a "fact-intensive" one. *Id*. at 511.

> Therefore, we conclude that in context, proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken.

> \* \* \*

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors. [*Id.* at 511-512 (footnote omitted).]

Likewise, to demonstrate a change of circumstances as set forth in MCL 722.27(1)(c), the moving party must establish that, "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed." *Vodvarka*, 259 Mich App at 513. The Court cautioned that not just any change will amount to a change of circumstances, rather, the evidence must show more than normal life changes that occur during a child's life, and "there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514.

In ruling on the issue whether plaintiff had demonstrated, by a preponderance of the evidence, that proper cause or a change of circumstances existed that would warrant reexamination of the custody status, the trial court undertook a detailed analysis of the factual allegations that plaintiff mounted against defendant. First, concerning the testimony that defendant was an absentee mother, the trial court noted that the nanny's testimony had credibility issues where she had prior acrimony with defendant and plaintiff paid her salary. The trial court recognized that defendant may have "overstepped" when using the nanny's services, but that plaintiff had not proven his essential claim that defendant did not properly parent KS. With regard to defendant's mental health issues, the trial court noted the lack of any arrests or charges concerning domestic violence, and that there were no reports from Child Protective Services (CPS) or any other agency to substantiate plaintiff's allegations that defendant's anger issues

made her an unfit parent. The trial court also considered a psychologist's opinion that any anxiety or depression that defendant was experiencing would abate after the conclusion of this custody action and did not interfere with her ability to parent. The trial court also noted that plaintiff could be very mean and aggressive himself, referring to text messages that the parties had sent to each other.[1] The trial court then stated that the record evidence did not support plaintiff's assertion that defendant had mental illnesses that would prohibit her from being an effective parent.

Addressing defendant's past substance abuse, drinking, and partying lifestyle, the trial court noted that plaintiff encouraged this behavior before the parties' relationship collapsed in Hawaii in October 2013, and that after plaintiff requested drug testing in this case, defendant complied and the drug tests came back negative. Noting that defendant likes to party, the trial court found that her drinking did not rise to the level of rendering her an unfit parent. The trial court also noted that of the myriad safety issues plaintiff raised with regard to KS while in defendant's custody, "this list of complaints" did not evidence that KS was in danger and amounted to gamesmanship on the part of plaintiff. Finally, the trial court detailed the history of KS's dental issues, noting that the dental decay had developed over a two-year period, during which both plaintiff and defendant had custody of KS. The trial court also emphasized the fact that when defendant took KS to the doctor in July 2014, the doctor's medical records provided that "[n]o periodontal disease was present[,]" and there was no sign of any problems at that time. The trial court determined that there was nothing in the record leading it to conclude that KS's dental problems were the "fault" of either plaintiff or defendant, or that either parent was unfit. The trial court also emphasized that when defendant was aware of the issue, she "took action to provide dental care" for KS. The trial court specifically stated:

> In summary, Plaintiff has failed to show proper cause or a change in circumstances to entertain a change of the custodial environment. The Court is not giving Defendant the Mother of the Year award. This is not validation. Some of the criticism of her is deserved. The Court is simply making a legal determination that there is a failure to meet the *Vodvarka* threshold.

Plaintiff's arguments in his brief on appeal on this issue essentially contend that the trial court was remiss in not considering and accepting key evidence that amounted to proper cause or a change of circumstances warranting reexamination of the custody arrangement. Plaintiff makes several assertions in support of this primary claim.

Specifically, plaintiff contends that the evidence concerning defendant's mental health issues, her anger, her alcohol and past substance abuse, as well as her stated desire to be away from her child for "kid free time" are all issues that directly impact defendant's parenting of KS. According to plaintiff, these issues are all relevant to best interest factors (b) "[t]he capacity and disposition of the parties involved to give the child love, affection, and guidance . . ." and (g)

---

[1] A telling text message from plaintiff to defendant read, "I will be up ur ass for the rest of ur life . . . that I will promise u."

"[t]he mental and physical health of the parties involved[,]" and therefore amount to proper cause. MCL 722.23(b), (g). Plaintiff further asserts that the trial court's conclusion that plaintiff's mental health issues did not amount to proper cause or a change of circumstances was inconsistent with its finding, when weighing the best interest factors, that factor (g) weighed in favor of plaintiff.

A review of the trial court's written opinion and order confirms that the trial court duly considered plaintiff's allegations regarding defendant's mental health, her issues with anger, her consumption of alcohol and her history of cocaine abuse, as well as her reliance on the nanny and her need for time away from her children. Indeed, the trial court opined that in spite of her use of a nanny, defendant does successfully parent KS on her own and that plaintiff failed to demonstrate that defendant had a mental health condition or diagnosis that would impede her from parenting KS. The trial court also recognized that while plaintiff had "successfully raise[d] some concerns about defendant's anger . . .[,]" these issues predated the divorce judgment, originating at the beginning of plaintiff and defendant's relationship, and did not amount to a change of circumstances. While plaintiff no doubt raised appropriate grounds that were relevant to MCL 722.23(b) and (g), the trial court's findings reflect its conscientious determination that these grounds were not "of such magnitude to have a significant effect" on KS's well-being. *Vodvarka*, 259 Mich App at 512. The trial court also clearly made credibility determinations in reaching this conclusion, as was properly within its province. *Wright v Wright*, 279 Mich App 291, 299; 761 NW2d 443 (2008). This conclusion is also not inconsistent with the trial court's finding with regard to factor (g), where the trial court noted that any mental health issues that defendant has, as the psychologist noted, do not impede her ability to parent.

Addressing plaintiff's allegation that defendant liked to drink alcohol and the issues surrounding her past substance abuse, the trial court noted that plaintiff himself, particularly during the trip to Hawaii in October 2013, encouraged defendant to consume alcohol. The trial court also noted that plaintiff encouraged defendant's use of his Vicodin pills during the Hawaii trip when defendant expressed an issue about her tooth pain. The trial court indicated concern that plaintiff criticized defendant's past cocaine abuse, yet married her knowing about this issue, had a child with her, and agreed that she would have primary custody of KS after they divorced knowing of her past. The trial court gave weight to the fact that defendant had been tested for drugs with both a urine and hair follicle drug test and that she passed both tests. In sum, the trial court determined that allegations pertaining to defendant's mental health, her anger issues, her need to have time away from KS, and her alcohol consumption and past substance abuse did not rise to the level of proper cause or a change in circumstances. The trial court's factual findings were supported by the record evidence, and therefore cannot be said to be against the great weight of the evidence.

Plaintiff also argues that the trial court inconsistently favored plaintiff pursuant to factor (k), the best interest factor in MCL 722.23 involving domestic violence, but concluded that defendant's abusive behavior and verbal disparagement of plaintiff to KS did not amount to proper cause or a change of circumstances. While the trial court, in weighing the best interest factors, did note that factor (k) favored plaintiff where he had alleged three instances of physical violence and defendant had acknowledged one, the trial court gave this factor limited weight, particularly where the record evidence reflected that plaintiff was likewise demeaning and aggressive toward defendant. The trial court cited text messages from the record in support of

-4-

this conclusion. This conclusion is not inconsistent with the trial court's determination concerning proper cause or a change of circumstances, where the trial court's rationale on the *Vodvarka* threshold clearly reflected its factual determination that these issues predated the judgment of divorce, and that they were not "significant enough, especially in comparison with Plaintiff's own issues, to constitute 'proper cause.' "

Plaintiff also asserts that the trial court did not adequately address the issue of KS sleeping with defendant at night, the significant dental health issues that arose with KS while in defendant's custody, and the multiple safety issues that plaintiff raised regarding KS while in defendant's care. Plaintiff further states that these issues are also relevant to factors (c), "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care . . . [,]" (d) "[t]he length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity[,]" (f) "[t]he moral fitness of the parties involved[,]" and (j) [t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent[.]" MCL 722.23(c), (d), (f), and (j). A review of the trial court's opinion reflects that it duly considered the safety issues alleged against defendant, concluding that they were "unproven" and therefore did not amount to proper cause or a change of circumstances.

The trial court also considered the issues with KS's dental care in great detail, noting that KS's dental problems developed over a period of time when both plaintiff and defendant had custody of KS and that neither party had noticed that KS was experiencing dental issues. The trial court also acknowledged that while KS's dental problems were indeed "unfortunate[,]" there were no grounds to conclude that they were the fault of either party, and that defendant addressed the situation to the best of her ability as soon as she became aware of it. The trial court ultimately ruled that plaintiff was unavailing in contending that defendant was at fault for KS's dental issues and that a finding of proper cause or change of circumstances was not substantiated on that basis. To the extent that the trial court's opinion and order does not expressly reference the evidence that KS had begun sleeping with defendant and the purported impact it was having on her relationship with plaintiff, the trial court was free to weigh the record evidence and discern what weight, if any, to give that evidence in rendering its factual findings. *Wright*, 279 Mich App at 299.

Finally, plaintiff challenges the trial court's findings on the *Vodvarka* threshold where he asserts that the trial court improperly "minimiz[ed]" most of the pertinent evidence in this case where it originated from the nanny. Plaintiff also argues that the trial court did not consider evidence from defendant's former husband that corroborated the nanny's testimony and that it erred in giving defendant's testimony credibility over the nanny's. These issues question the trial court's credibility assessments, as well as its weighing of the record evidence, determinations that this Court will defer to on appeal. *Wright*, 279 Mich App at 299; *Draggoo v Draggoo*, 223 Mich App 415, 429; 566 NW2d 642 (1997). In sum, the trial court did not err in concluding that plaintiff failed to establish proper cause or a change of circumstances.

Because the trial court had conducted a full trial, it decided to make a determination concerning the established custodial environment, MCL 722.27(1)(c), and to analyze the statutory best interest factors, MCL 722.23, although the court understood that it was unnecessary to do so considering its resolution of the threshold issue on proper cause and a

-5-

change of circumstances. Plaintiff challenges the trial court's rulings with respect to the established custodial environment and the best interest factors. Given our holding affirming the trial court's decision that plaintiff failed to establish proper cause or a change of circumstances, it becomes unnecessary for us to examine whether the trial court erred in regard to the established custodial environment and best interest factors, and we decline to do so. The trial court did not err in denying plaintiff's motion to modify custody.

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs pursuant to MCR 7.219.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra