# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER MARK GUCWA,

        Plaintiff-Appellee,

v

MARANDA LYNN LEE,

        Defendant-Appellant.

UNPUBLISHED
September 21, 2017

No.  336807
St. Clair Circuit Court
Family Division
LC No.  14-002509-DC

Before:  BECKERING, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right an order dismissing her motion to change custody.  We vacate this order and remand for further proceedings consistent with this opinion.

This case arises from defendant's motion to change the primary residence of plaintiff's and defendant's daughter from plaintiff's home in Capac, Michigan, to defendant's home in Lincoln Park, Michigan, and to have the minor child attend Lincoln Park Schools.  On appeal, defendant argues that she satisfied her burden of establishing a proper cause or change in circumstances pursuant to MCL 722.27(1)(c) to warrant a review of the 2015 custody order because a change of circumstances occurred when defendant moved out of the custodial home, and proper cause exists because plaintiff drinks heavily, physically attacked defendant, and relies on a third party to provide overnight care to the minor child when the minor child is in his care. We hold that the trial court erred in immediately transferring defendant's custody motion to the Friend of the Court before determining whether proper cause or change of circumstances existed.

A trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under MCL 722.27(1)(c) is reviewed under the great weight of the evidence standard.  *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).  Under this standard, this Court defers to the trial court's findings of fact unless such findings " 'clearly preponderate in the opposite direction.' "  *Id.*, citing *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994).  Three standards of review are used in child custody matters:

> The great weight of the evidence standard applies to all findings of fact.  A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction.  An abuse of discretion standard applies

-1-

to the trial court's discretionary rulings such as custody decisions. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000) (citations omitted).]

The Child Custody Act provides the standard of review applicable to this matter:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. [MCL 722.28.]

The trial court did not follow proper procedure in deciding defendant's custody motion; consequently, we vacate the orders dismissing it and denying defendant's motion for reconsideration and remand this matter to the trial court for further proceedings.

In *Bowling v McCarrick*, 318 Mich App 568, 569; ___ NW2d ___ (2017), the defendant filed a motion to change the physical custody of one of the parties' children from the plaintiff to the defendant. This Court noted that the trial court may only modify or amend a custody order for proper cause or a change of circumstance if it is in the best interest of the child and that the moving party bears the burden of demonstrating proper cause or a change in circumstances by a preponderance of the evidence. *Id.* at 569-570. The moving party must meet this burden before the trial court can consider whether an established custodial environment exists and then conduct a review of the best interest factors. *Id.* at 570. But in *Bowling*, the defendant's motion to change custody was immediately referred to the Friend of the Court for a "conciliation conference," as required by a local administrative order. *Id.* The order stated that if the parties did not reach an agreement at the conciliation conference, the conciliator would prepare a recommendation to the circuit court that would become the court's final order "unless either party files an objection, in which case a hearing will be held." *Id*.

In *Bowling*, the parties attended the conference, but they did not reach an agreement. Moreover, this Court was not provided with a record of such conference on appeal, if one were even maintained. The conciliator's report recommended that there was proper cause or a change in circumstances to warrant a review of the custody order and that primary physical custody be awarded to the defendant based on the best interest factors. *Id.* at 571. The plaintiff filed an objection, and a hearing was held. *Id.* The plaintiff challenged the order awarding custody to the defendant on appeal and argued that the court could not consider the conciliator's report to determine the threshold burden or the best interest factors. *Id.* This Court applied MCL 552.505(1)(g),[1] which states that such reports cannot be considered to determine the threshold

---

[1] The statute provides in pertinent part that "[i]f custody has been established by court order, the court shall order an investigation [by the friend of the court] *only if the court first finds that proper cause has been shown or that there has been a change of circumstances.*" MCL 552.505(1)(g) (emphasis added).

question of whether proper cause or a change in circumstances exists to warrant review of an existing custody order. *Bowling*, 318 Mich App at 571. Furthermore, a the trial court can only order an investigation by the friend of the court after the trial court first finds that proper cause or a change of circumstances exists. *Id*. This Court vacated the trial court's order because "the court's ruling on the threshold question may have been influenced by the portion of the [friend of the court's] report addressing the best interests, which would put the best interest cart before the threshold horse." *Id*. at 572.

In this case, the record evidences that defendant's motion for a change in custody was also immediately referred to the Friend of the Court before the trial court determined whether the threshold question of whether proper cause or a change in circumstances existed to warrant review of the existing custody order. The St. Clair County Friend of the Court Handbook provides the following procedure regarding custody motions:

> Custody is disputed when a disagreement exists regarding the custodial arrangement and the matter is brought before the court. A custody dispute may occur prior to a final custody order being entered or when one parent petitions the court to change custody from an existing order. If a parent is requesting a change in a current custody order and there is no agreement, a motion for change of custody must be filed. An affidavit alleging change of circumstance or proper cause must be filed with the motion. . . .

> Once a motion for change of custody has been filed, a referee hearing will be scheduled for a recommendation as to whether a change of circumstances or proper cause threshold has been met. The referee may recommend dismissal of the motion if sufficient change of circumstances or proper cause has not occurred. If the referee determines that there is a sufficient change of circumstances or proper cause, the issue will be set before the judge. Either party may object to the recommendation made by the referee in writing within 21 days and the issue of change of circumstances or dismissal and the issue will be set before the Judge [sic].

> If a [c]ourt finds that there is sufficient change in circumstances or proper cause to investigate custody[,] the court may order the parties to participate with mediation services or schedule an evidentiary hearing.[2]

Defendant indicates that this hearing took place, but apparently no record was made. Rather, there is a certificate of mailing dated October 13, 2016, indicating that the Friend of the Court mailed both parties a proposed order to dismiss defendant's custody motion. On October 31, 2016, defendant filed her objections to the proposed order. The parties were issued a notice of hearing and to appear for a hearing scheduled for December 1, 2016, regarding the entry of

---

[2] St. Clair County Friend of the Court Handbook <http://www.stclaircounty.org/Offices/foc/forms/FOC%20Handbook.pdf?meid=111> (accessed July 6, 2017).

the order dismissing the custody motion. This hearing was rescheduled and occurred on December 15, 2016. With respect to the merits of defendant's motion, the trial court merely stated that "[t]he referee's decision was appropriate, the threshold has not been met and the order dismissing custody will issue." The trial court did not further elaborate.

The same improper procedure that occurred in *Bowling* occurred in this case. Defendant's motion to change custody was immediately referred to the Friend of the Court before the trial court determined that proper cause or a change of circumstances existed as required by MCL 552.505(1)(g). *Bowling*, Mich App at 571-572. The trial court erred in doing so.

We vacate the trial court's order dismissing defendant's motion to change custody and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Michael J. Riordan