# STATE OF MICHIGAN

# COURT OF APPEALS

ANNE MARIE HAZEN,

        Plaintiff-Appellant,

v

KEVIN ANTHONY PHILLIS,

        Defendant-Appellee.

UNPUBLISHED
November 2, 2017

No. 337106
Eaton Circuit Court
LC No. 11-000549-DS

Before: BOONSTRA, P.J., and METER and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the order of the trial court granting a change in the custody of the parties' minor child. We reverse and remand.

The parties in this case have never been married and have one child. In 2011, plaintiff sought support for the then 18-month-old child by filing a complaint for support with the trial court. The trial court thereafter entered an order awarding the parties joint legal custody of the child, awarding plaintiff sole physical custody, awarding defendant parenting time to be determined by agreement of the parties, and awarding no further child support beyond the Social Security benefit designated for the child as a result of defendant's receipt of Social Security benefits. The order further provided that if the parties did not agree regarding parenting time, either party was entitled to request a recommendation by the Friend of the Court (FOC) regarding parenting time.

The parties apparently continued a relationship until approximately September 2013. In November 2013, defendant sought custody of the child alleging that plaintiff was not permitting him parenting time. In February 2014, the trial court entered an order permitting defendant to exercise parenting time in accordance with that County's parenting time policy. In August 2015, plaintiff again moved for child support from defendant. In October 2015, defendant again sought custody of the child. In November 2015, the trial court entered an order adopting the stipulation of the parties that plaintiff continue to have sole physical custody of the child, that defendant have parenting time as specified in the order, being essentially alternate weekends, alternate holidays, summer parenting time, and additional parenting time by agreement of the parties, and that defendant pay child support to plaintiff.

In May 2016, defendant once again sought custody of the child alleging that plaintiff was not following the parenting-time schedule, but also alleging that plaintiff did not have stable

-1-

housing and that the child was not regularly attending school. The trial court referred the case to the FOC for investigation. In August 2016, the FOC recommended that the custody arrangement remain as ordered, that defendant receive additional parenting time, and that the matter be reviewed again in February 2017.

On September 11, 2016, plaintiff took the child to defendant's home, apparently because she had lost her housing and was living with friends and family. Defendant asserted that plaintiff disappeared for several weeks thereafter. By contrast, plaintiff contended that she had only taken the child to spend a few days with defendant while she obtained housing, but that defendant thereafter refused to allow her to reclaim the child. Despite the differences in the parties' versions of the facts, they appear to agree that plaintiff attempted to reclaim the child and defendant refused to allow the child to return to plaintiff's care even though the custody order in place at that time granted plaintiff sole physical custody of the child.

Upon further investigation, the FOC recommended that defendant be awarded sole physical custody of the child, that the parties continue to share joint legal custody, and that plaintiff be awarded parenting time. Plaintiff objected to the FOC recommendation.

Following a hearing on the matter, the trial court issued its opinion and order on February 1, 2017, awarding the parties joint legal and joint physical custody of the child, with defendant having primary physical custody of the child during the school year and plaintiff having primary physical custody during the summer, with each party having parenting time when the child was not in his or her primary custody. The trial court found that the child had an established custodial environment with plaintiff, but that upon evaluation of the factors set forth in section three of the Child Custody Act, MCL 722.23, defendant had met the burden of proving by clear and convincing evidence that the custody change was in the child's best interests. Plaintiff now appeals from the order of the trial court.

In a child custody dispute, this Court must affirm a custody order of the trial court "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. A trial court clearly errs when it incorrectly chooses, interprets, or applies the law. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

Under the Child Custody Act, MCL 722.21 *et seq.*, a trial court is authorized to award custody and parenting time in a child custody dispute and has a duty to ensure the child's stability. *Lieberman v Orr*, 319 Mich App 68, 78; 900 NW2d 130 (2017). But the trial court is only permitted to modify a previous custody order where proper cause or a change of circumstances is demonstrated by a preponderance of the evidence. MCL 722.27(1)(c); *Lieberman*, 319 Mich App at 81. MCL 722.27 provides, in relevant part:

> (1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:

* * *

(c) Subject to subsection (3), modify or amend its previous judgments or orders **for proper cause shown or because of change of circumstances** until the child reaches 18 years of age . . . The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. . . . [Emphasis added.]

Although the statute does not define the terms "proper cause" and "change of circumstances," this Court set forth the requisite standards for determining whether proper cause or a change of circumstances has been shown sufficient to warrant the modification of a custody order in *Vodvarka v Grasmeyer*, 259 Mich App 499, 510-514; 675 NW2d 847 (2004). See *Lieberman*, 319 Mich App at 81. This Court in *Vodvarka* defined "proper cause" to mean, in sum, "[t]he existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being." *Vodvarka*, 259 Mich App at 512. This Court in *Vodvarka* similarly defined "change of circumstances" for the purposes of child custody to mean that "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors." *Id*. at 513-514. (emphasis in original); see also *Lieberman*, 319 Mich App at 81-82.

Thus, before modifying an existing custody order, a trial court is required to find that the party seeking to modify the custody order has shown, by a preponderance of the evidence, proper cause or change of circumstances as set forth in MCL 722.27 and under the requisite standards set forth by this Court in *Vodvarka*. *Lieberman*, 319 Mich App at 81. Further, although a trial court analyzing whether proper cause or a change in circumstances has been shown gauges its determination with reference to the statutory factors regarding the best interests of the child, this determination is a separate consideration from whether an established custodial environment exists for the child and whether the child's best interests support a change from that environment.[1]

---

[1] If the moving party succeeds in establishing by a preponderance of the evidence either proper cause or a change in circumstances under the requisite standards explained in *Vodvarka*, the trial court is then required to evaluate whether there is an established custodial environment for the

In this case, the record indicates that the parties have a long and contentious relationship. From birth, the child has been in the sole physical custody of plaintiff, with defendant having parenting time with the child. For a time, the parties apparently continued their relationship. Then, from November 2013 through May 2016, defendant repeatedly moved for custody of the minor child, each time alleging that plaintiff was preventing him from exercising his parenting time with the child. In his May 2016 motion for change of custody, defendant also alleged that plaintiff's life and housing were unstable and that the child was repeatedly absent or tardy from school. In response to each motion, the trial court did not significantly modify the existing custody order and consistently awarded plaintiff sole physical custody of the child.

But by order entered February 1, 2017, apparently in response to defendant's May 2016 motion for change of custody and subsequent events, the trial court modified its previous order from sole physical custody of the child with plaintiff to joint physical custody of the child with both parents and defendant having the child for the majority of the year. The trial court found that the child had an established custodial environment with plaintiff, but that upon evaluation of the factors set forth in MCL 722.23, defendant had met the burden of proving by clear and convincing evidence that the custody change was in the child's best interests.

The trial court,[2] however, did not determine whether defendant had proven, by a preponderance of the evidence, either proper cause or a change of circumstances within the meaning of MCL 722.27.[3] Absent a threshold determination by the trial court that a preponderance of the evidence demonstrated either proper cause or a change of circumstances, MCL 722.27 precluded the trial court from modifying the existing custody order. We therefore reverse the order of the trial court and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Michael F. Gadola

---

child with either or both parents and, if so, whether the proposed change in custody is in the child's best interests in light of the statutory best interests factors. *Lieberman*, 319 Mich App 83-84.

[2] The FOC attorney referee evaluating this case stated on the record during a hearing before the attorney referee that defendant had shown proper cause and a change of circumstances. The trial court, however, did not adopt or otherwise reference that finding of the attorney referee. We also note that in making this determination, the attorney referee did not employ the requisite standards set forth by this Court in *Vodvarka*.

[3] The trial court found that there was an established custodial environment for the child with plaintiff, but that the best interests of the child supported changing that established custodial environment. This inquiry, however, is distinct from a threshold determination of whether proper cause or a change of circumstances has been demonstrated by a preponderance of the evidence, as required by MCL 722.27. We make no determination regarding whether the trial court properly reached its conclusion regarding the established custodial environment or the best interests of the child.