*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAURIE ANN DELEKTA,

        Plaintiff-Appellant,

v

JAMES MATTHEW DELEKTA,

        Defendant-Appellee.

UNPUBLISHED
June 27, 2019

No. 345006
Presque Isle Circuit Court
Family Division
LC No. 08-083149-DM

Before: TUKEL, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's order denying her motion to change the custody of the parties' two children from primary physical custody with defendant to joint physical custody. The court determined that a proper cause or change of circumstances did not exist to warrant revisiting custody. We affirm.

## I. FACTS

Plaintiff and defendant's " 'long and tortured' " custody dispute is detailed in this Court's prior opinion in *Delekta v Delekta*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2016 (Docket No. 331981). In our prior opinion, we affirmed the circuit court's decision not to revisit its July 2013 order granting defendant primary physical custody and plaintiff liberal parenting time. In February of 2018, plaintiff again moved to change the children's custody. Plaintiff asserted that defendant denied the children privacy, that he physically and emotionally abused them, and that his relationship with them had deteriorated. Following three days of evidentiary hearings between March of 2018 and May of 2018, the circuit court found that plaintiff had not established an evidentiary basis for her claims and that no proper cause or change of circumstances supported changing the children's custody.

## II. STANDARD OF REVIEW

"This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). Under this

standard, this Court defers to the trial court's findings regarding unless the evidence clearly preponderates in the other direction. *Id.*

### III. ANALYSIS

Plaintiff argues that a proper cause or change of circumstances warranted revisiting the custody order. We disagree.

To minimize unwarranted and disruptive changes in children's custody, a trial court may only modify children's custody if the moving party first establishes a proper cause or a change of circumstances. *Corporan*, 282 Mich App at 603. The existence of proper cause or a change of circumstances is a threshold consideration that the trial court must resolve before revisiting a custody order. *Id.* The purpose of this framework is to "erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003) (quotation marks and citation omitted).

A proper cause to modify a child's custody exists if there are "one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Id.* at 511. The trial court may consider the best-interest factors set forth in MCL 722.23 when making this determination. *Id.* at 511-512. A change of circumstances warrants modifying a child's custodial environment only if, "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id.* at 513. Normal life changes, whether positive or negative, are not changed circumstances. *Id.* Rather, there must be a material change that has had or almost certainly will have an effect on the child's life. *Id.* at 513-514.

First, plaintiff argues that a proper cause existed to warrant revisiting custody because the children had a deteriorating relationship with defendant. The record does not clearly preponderate against the circuit court's finding that defendant's relationship with the children had not changed.

The trial court may consider the best-interest factors when determining whether a proper cause exists. *Vodvarka*, 259 Mich App at 511-512. One of these factors is "[t]he love, affection, and other emotional ties existing between the parties involved and the child." MCL 722.23(a). Other factors include "[t]he reasonable preference of the child" and "[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents." MCL 722.23(i) and (j).

In July of 2013, the circuit court concluded that the children strongly preferred to live with plaintiff, but that plaintiff made false accusations against defendant and had significant mental health issues. *Delekta*, unpub op at 2-3. In December of 2015, plaintiff sought primary physical custody, but the circuit court concluded that there was no change of circumstances because the children's desire to spend more time with plaintiff was not a new condition. *Id.* This Court affirmed, primarily on the basis that the children's preference for living with plaintiff had existed and not changed since 2013. *Id.* at 4.

During the present hearings, plaintiff testified that the children reported that defendant's home was increasingly hostile and no one cared about what was happening to them or how they felt. Defendant acknowledged that he had a strained relationship with the older child. However, defendant testified that he spoke with the children often and was attempting to receive counseling. Defendant's girlfriend testified that defendant was not verbally abusive with the children, and a children's protective services (CPS) investigator testified that no evidence substantiated plaintiff's most recent allegations of domestic violence or abuse.[1] The CPS investigator did find certain text messages between plaintiff and the older child to be concerning, because they referred to custody matters that children should not be subjected to and disparaged the parenting style of the other parent.

We conclude that the record did not clearly preponderate against the circuit court's findings that the children's circumstances had not significantly changed. Their preference to live with plaintiff and anxiety in defendant's home were not new circumstances.

Plaintiff also argues that the circuit court inappropriately found that plaintiff was alienating the children. Parental alienation may affect at least one best-interest factor. See *In re Gorcya*, 500 Mich 588, 597 n 4; 902 NW2d 828 (2017). Plaintiff began making false accusations concerning defendant since at least July of 2013, see *Delekta*, unpub op at 3, and the record evidence supported that plaintiff continued to do so. Accordingly, whether plaintiff continued to alienate the children had a logical bearing on whether the circumstances of the case had changed.

Plaintiff also argues that a proper cause or change of circumstances existed because defendant's girlfriend had left the home. Defendant's girlfriend testified that she went to her daughter's house in January of 2018, but did not intend to leave her relationship with defendant. Defendant's girlfriend also testified that she moved out in April of 2018. However, at the May 2018 hearing, defendant's girlfriend testified that she and defendant were living together and working on improving their relationship. The record did not clearly preponderate against the circuit court's finding that the children's environment had not significantly changed.

Affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michael J. Riordan

---

[1] The CPS worker testified that defendant had called in five complaints to CPS between April of 2009 and April of 2012, and plaintiff had called in 17 complaints between April of 2009 and April of 2018, including the most recent complaint.