*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RESORT PROPERTIES CO-OPERATIVE,

Petitioner-Appellant,

v

TOWNSHIP OF WATERLOO,

Respondent-Appellee.

FOR PUBLICATION
November 21, 2023
9:30 a.m.

No. 364744
Tax Tribunal
LC No. 22-001985-TT

Before: GLEICHER, C.J., and SWARTZLE and YATES, JJ.

SWARTZLE, J.

Petitioner is a corporation that owns a "family cottage" for its shareholders' use. Respondent uncapped the taxable value of petitioner's cottage because a threshold of petitioner's shares had been cumulatively transferred in the same calendar year, and the Tax Tribunal upheld that uncapping. We affirm.

## I. BACKGROUND

The facts are undisputed. Dorothy and William Babbage owned 24% of petitioner's shares before they bought an additional 48% of the shares. After their purchase, and in the same calendar year, the Babbages sold 20% of petitioner's shares to other individuals. Respondent sent petitioner a notice of assessment because it determined that 68% of petitioner's ownership had been conveyed in the same calendar year, and, under MCL 211.27a(6)(h), an uncapping was triggered because more than 50% of petitioner's ownership interest had been conveyed.

Petitioner appealed the uncapping to the Tax Tribunal after an unsuccessful appeal to the Board of Review. Petitioner argued that the Babbages bought 48% of petitioner's shares, sold a fraction of those same shares in the same year, and, thus, only 48% of petitioner's shares were ever conveyed even though some of those shares were conveyed twice. According to petitioner, 52% of its shares remained with the original shareholders throughout the year, and, thus, it was incorrect for respondent to consider the transfers cumulatively because that cumulative consideration resulted in an ownership interest in excess of 100% when the amount that was not transferred was combined with the amount that respondent claimed was transferred. Respondent submitted

-1-

property transfer affidavits signed by petitioner's shareholders in its response, and those affidavits indicated the number of shares that had been conveyed in each transaction.

The Tax Tribunal held a hearing concerning petitioner's appeal, and Dorothy Babbage testified that there were multiple conveyances, one of "48%" and one at an additional "24%." (It appears that Dorothy misspoke, as there appears to be no question that the second conveyance was for 20% of the shares.) The Tax Tribunal held that respondent had properly adjusted the taxable value of petitioner's property because the ownership interest that was conveyed was more than 50% when considering the cumulative amount that was transferred.

Petitioner moved for reconsideration, and the Tax Tribunal denied petitioner's motion after it held that there was no evidence to substantiate that the 20% of petitioner's shares that the Babbages sold were the same shares that the Babbages bought earlier in the year. For this proposition, the Tax Tribunal cited to Internal Revenue Service (IRS) guidance that defined cost-basis as the "first in, first out" method for calculating share-value for tax purposes, and, thus, petitioner had not demonstrated palpable error.

Petitioner now appeals.

## II. ANALYSIS

This Court is limited in its review of a Tax Tribunal's decision. *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). Unless there is a claim of fraud, this Court reviews Tax Tribunal decisions to determine whether that tribunal misapplied the law or adopted a wrong legal principle. *Wilson v City of Grand Rapids*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358657); slip op. at 3. This Court will not disturb the tribunal's factual findings so long as they are supported by competent, material, and substantial evidence on the whole record. *Id*. Additionally, this Court reviews questions of law de novo. *Id*.

The capping and uncapping of a property's taxable value is established in Michigan's Constitution, which provides in relevant part:

> For taxes levied in 1995 and each year thereafter, the legislature shall provide that the taxable value of each parcel of property adjusted for additions and losses, shall not increase each year by more than the increase in the immediately preceding year in the general price level, as defined in section 33[1] of this article, or 5 percent, whichever is less until ownership of the parcel of property is transferred. When ownership of the parcel of property is transferred as defined by law, the parcel shall be assessed at the applicable proportion of current true cash value. [Const 1963, art. 9, § 3.]

This provision is implemented by the General Property Tax Act, MCL 211.1 *et seq*. Specifically, MCL 211.27a provides the method for calculating a property's taxable value:

> (2) Except as otherwise provided in subsection (3), for taxes levied in 1995 and for each year after 1995, the taxable value of each parcel of property is the lesser of the following:

(a) The property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions . . .

(b) The property's current state equalized valuation.

(3) Upon a transfer of ownership of property after 1994, the property's taxable value for the calendar year following the year of the transfer is the property's state equalized valuation for the calendar year following the transfer.

Relevant to this case, MCL 211.27a(6) provides the definition for a "transfer of ownership," and section (h) governs the transfer of corporate shares. MCL 211.27a(6)(h) reads in full:

(6) As used in this act, "transfer of ownership" means the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest. Transfer of ownership of property includes, but is not limited to, the following:

\* \* \*

(h) Except as otherwise provided in this subdivision, a conveyance of an ownership interest in a corporation, partnership, sole proprietorship, limited liability company, limited liability partnership, or other legal entity if the ownership interest conveyed is more than 50% of the corporation, partnership, sole proprietorship, limited liability company, limited liability partnership, or other legal entity. Unless notification is provided under subsection (10), the corporation, partnership, sole proprietorship, limited liability company, limited liability partnership, or other legal entity shall notify the assessing officer on a form provided by the state tax commission not more than 45 days after a conveyance of an ownership interest that constitutes a transfer of ownership under this subdivision. Both of the following apply to a corporation subject to 1897 PA 230, MCL 455.1 to 455.24:

(i) A transfer of stock of the corporation is a transfer of ownership only with respect to the real property that is assessed to the transferor lessee stockholder.

(ii) A cumulative conveyance of more than 50% of the corporation's stock does not constitute a transfer of ownership of the corporation's real property.

"When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (cleaned up). A statute must be read as a whole, *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009), and we "must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory," *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).

Petitioner first argues that the Tax Tribunal erred by interpreting MCL 211.27a(6)(h) to consider conveyances cumulatively when discerning whether 50% of the ownership interest of the corporation had been conveyed. Even though the plain language of MCL 211.27a(6)(h) does not discuss whether conveyances may be considered cumulatively, MCL 211.27a(6)(h)(ii) does state that a cumulative conveyance does not constitute a transfer of ownership for the purpose of uncapping the taxable value of property owned by a qualifying corporation. There is no dispute that petitioner is not a qualifying corporation as defined under MCL 455.1 to MCL 455.24.

Thus, when reading the statute as a whole, petitioner's argument is misplaced because MCL 211.27a(6)(h)(ii) would be rendered surplusage if MCL 211.27a(6)(h) prohibited a cumulative accounting of the conveyances for all corporations. Put another way, our Legislature explicitly excluded certain corporations from having their conveyances considered cumulatively in MCL 211.27a(6)(h)(ii) because MCL 211.27a(6)(h) does not prohibit considering conveyances cumulatively toward its uncapping threshold. Thus, the Tax Tribunal did not err when it held that respondent correctly considered the conveyances cumulatively when uncapping petitioner's cottage under MCL 211.27a(6)(h).

Petitioner next argues that the Tax Tribunal relied on evidence that was not substantial, material, or competent because the Tax Tribunal concluded that 68% of the corporation was transferred. As stated, however, MCL 211.27a(6)(h), when read as a whole, does not prohibit counting conveyances cumulatively. Furthermore, petitioner ignores that the Tax Tribunal was presented with affidavits of transfer that were signed by petitioner's shareholders, and those affidavits indicated the amount of petitioner's shares that had been transferred. Additionally, there is no dispute on this record that there was one conveyance for 48% of petitioner's shares and one for an additional 20% within a single year, which indicated that more than 50% of the shares were transferred.

Lastly, petitioner argues that the Tax Tribunal erred in denying its motion for reconsideration because the Tax Tribunal incorrectly relied on IRS guidance concerning the cost-basis of the shares that were transferred. We review for abuse of discretion a trial court's decision on a motion for reconsideration. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

The IRS guidance states in relevant part, "If you can't adequately identify the shares you sold and you bought shares at various times for different prices," then the basis of the shares sold will be the basis of the shares you acquired first on a "first-in first-out" basis. Relevant here, this means that the second conveyance of 20% is presumed to be from the original holdings of the Babbages, not the new 48% that they received.

The Tax Tribunal was not relying on the IRS guidance to state that the shareholders must have structured their conveyances in a particular way, but rather that petitioner had not provided any evidence for its proposition that the shares that were subsequently sold were the same shares that were first purchased that same year. If shareholders intend a specific conveyance to be from a specific source for tax purposes, then they need to specify and justify it. Further, as stated above, the Tax Tribunal did not err in determining that MCL 211.27a(6)(h) allowed for the conveyances to be treated cumulatively and, thus, petitioner could not present any argument that the Tax

Tribunal had palpably erred in that finding. Therefore, the Tax Tribunal did not abuse its discretion in denying petitioner's motion for reconsideration.

## III. CONCLUSION

Petitioner's shareholders engaged in two separate conveyances of petitioner's shares within the same calendar year. There is no dispute that those conveyances amounted to over 50% of petitioner's ownership cumulatively. MCL 211.27a(6)(h) allows for separate conveyances to be considered cumulatively if they occur within the same calendar year, and, accordingly, the Tax Tribunal did not err in upholding the uncapping of the taxable value of petitioner's property.

Affirmed.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Christopher P. Yates