*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COLLEEN AINE SHEA,

        Plaintiff-Appellee,

v

WILLIAM MICHAEL SHEA,

        Defendant-Appellant.

UNPUBLISHED
January 2, 2020

No. 349556
Livingston Circuit Court
Family Division
LC No. 14-049279-DM

Before: LETICA, P.J., and GADOLA and CAMERON, JJ.

PER CURIAM.

Defendant William Michael Shea appeals the trial court's June 6, 2019 order denying his motion to modify custody, parenting time, and child support. We affirm.

## I. BACKGROUND

Defendant and plaintiff Colleen Aine Shea divorced in August 2015. The parties were granted joint physical and legal custody of their three minor children. Defendant was granted parenting time every other Thursday after school until 6:00 p.m. on Sunday. Defendant was also granted Thursday dinners with the children before plaintiff's weekends and Monday dinners following plaintiff's weekends. The parties were granted alternating weeks during summer vacation.

In March 2019, defendant filed a motion to modify custody, parenting time, and child support. In relevant part, defendant alleged that his work schedule had changed in that he now travelled to Chicago "one or two days every other week" instead of "at least two days every week." Defendant requested "equal parenting time, to be exercised on a 'week-on, week-off' basis."

A referee found that defendant's request for equal parenting time would alter the children's established custodial environment and therefore, it was actually a request to change custody. Consequently, the referee applied the framework of *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003). In relevant part, the referee determined that "[defendant's]

-1-

new position is simply a normal life change," and the referee recommended that defendant's motion be denied. Defendant objected to the referee's recommendation, arguing in part that the referee erroneously relied on *Vodvarka*. Following oral argument, the trial court adopted the referee's recommendation. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by finding that his request for additional parenting time would alter the children's established custodial environment and by determining that defendant failed to show a proper cause or change in circumstances to justify modification of the child custody determination.[1] We disagree.

### A. STANDARD OF REVIEW

"All custody orders must be affirmed on appeal unless the [trial] court's findings were against the great weight of the evidence, the [trial] court committed a palpable abuse of discretion, or the [trial] court made a clear legal error on a major issue." *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017), citing MCL 722.28. The same standards of review apply to orders concerning parenting time. *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010). A finding is against the great weight of the evidence when "the evidence clearly preponderates in the opposite direction." *Lieberman*, 319 Mich App at 77, quoting *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). In a child custody determination, a palpable abuse of discretion occurs when a trial court's decision "is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias." *Rains v Rains*, 301 Mich App 313, 324; 836 NW2d 709 (2013) (quotation marks and citations omitted). "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Lieberman*, 319 Mich App at 77, quoting *Corporan*, 282 Mich App at 605.

### B. ESTABLISHED CUSTODIAL ENVIRONMENT

Defendant argues that the trial court erred in finding that his request for equal parenting time would alter the children's established custodial environment.

"The Child Custody Act authorizes a trial court to award custody and parenting time arising out of a child custody dispute and imposes a gatekeeping function on the trial court to ensure the child's stability. . . ." *Lieberman*, 319 Mich App at 78, citing MCL 722.27. A trial court may modify or amend its previous judgments or orders, including those addressing custody or parenting time issues, "for proper cause shown or because of change of circumstances. . . ." MCL 722.27(1)(c). The standards for this threshold showing differ depending on whether the

---

[1] "The term " '[c]hild custody determination' means a judgment, decree, or other court order providing for legal custody, physical custody, *or parenting time* with respect to a child." *Shade v Wright*, 291 Mich App 17, 22; 805 NW2d 1 (2010), quoting MCL 722.1102(c).

moving party seeks to change custody or to modify parenting time. *Lieberman*, 319 Mich App at 81. More specifically:

> *Vodvarka* addresses the requisite standards for showing proper cause or a change of circumstances relative to requests to modify child custody. *Shade* addresses the requisite standards for showing proper cause or a change in circumstances relative to requests to modify parenting time. Notably, when a proposed change of circumstances will affect a child's established custodial environment, the applicable legal framework for analyzing the matter is that set forth in *Vodvarka*. [*Id*. (citations omitted).]

In determining whether a proposed change to parenting time would alter an established custodial environment, an important consideration is to what extent the proposed change will decrease a parent's time with the child. *Lieberman*, 319 Mich App at 89-90. "Whereas minor modifications that leave a party's parenting time essentially intact do not change a child's established custodial environment, significant changes do." *Id.* (citations omitted). In other words, "a substantial modification of parenting time" that significantly reduces the amount of time that a parent with an established custodial environment spends with a child would alter the established custodial environment, and such a proposed change must be considered under *Vodvarka*. *Id.* at 89-91.

In this case, defendant argues that the trial court erred in finding that his request for equal parenting time would change the children's established custodial environment because he is already a joint physical custodian with equal parenting time during summer vacation. Therefore, defendant argues, he is not requesting a change in custody, which would be analyzed under the *Vodvarka* standard, but "merely . . . to change the 'duration or frequency' of parenting time," which he claims should be analyzed under *Shade*. We disagree.

In the judgment of divorce, defendant was granted parenting time every other Thursday after school until 6:00 p.m. on Sunday. Defendant was also granted Thursday dinners before plaintiff's weekends and Monday dinners following plaintiff's weekends. The parties were granted alternating weeks during summer vacation. Defendant acknowledges in his brief on appeal that plaintiff has an established custodial environment.[2] In defendant's motion to modify custody, parenting time, and child support, defendant sought a 50/50 split of parenting time under which each parent would have parenting time seven nights per two-week period. This is not a "minor modification[]" that leaves plaintiff's parenting time "essentially intact," *Lieberman*, 319 Mich App at 89-90, or "very close to the same number of parenting time days" that she enjoyed under the judgment of divorce, *Shade*, 291 Mich App at 27 n 3. Instead,

---

[2] Defendant also argues on appeal that he "maintains an established custodial environment with the minor children." But defendant's nominal status as a joint physical custodian "is irrelevant to the factual question of whether and with whom, a child has an established custodial environment." *Lieberman*, 319 Mich App at 92. Defendant's characterization of his motion as a mere request to modify parenting time is equally irrelevant. See *id*. at 85-86 ("[P]laintiff was proposing a change in custody, regardless of the label he gave his motion.").

defendant advocates for a significant increase in his number of overnight visits and a corresponding significant reduction in plaintiff's overnight visits. This significant change to plaintiff's parenting time would alter the children's established custodial environment with plaintiff. See *Rains*, 301 Mich App at 323-324 (indicating that even when parents have joint physical custody and have established a "joint custodial environment," a change that would "substantially reduce the time a parent spends with a child . . . would potentially cause a [change] in the established custodial environment"). Cf. *Shade*, 291 Mich App at 25-28 (stating that a change in parenting time did not affect the established custodial environment because it left the parties with the same number of parenting time days).

Therefore, the trial court did not make findings against the great weight of the evidence or commit clear legal error in determining that defendant had requested "a substantial modification of parenting time [that] would alter the established custodial environment. . . ." *Lieberman*, 319 Mich App at 89. Consequently, the trial court did not err in determining that defendant was required to show proper cause or a change of circumstances to modify the custody order under the stricter *Vodvarka* standard rather than the more lenient *Shade* standard. See *id.* at 81, citing *Shade*, 291 Mich App at 28-30; *Vodvarka*, 259 Mich App at 509-514.

## C. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Defendant argues that, even if *Vodvarka* governs this case, the trial court erred in determining that his reduced work-travel schedule was a normal life change. We disagree.

"To establish a change of circumstances sufficient for a court to consider modifying a custody order, the movant must prove by a preponderance of the evidence that 'since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed.' " *Lieberman*, 319 Mich App at 81-82, quoting *Vodvarka*, 259 Mich App at 512-513. "[T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id.* at 513-514. As noted in *Vodvarka*

> where the party seeking to change custody has not carried the initial burden of establishing either proper cause or a change of circumstances, the trial court is not authorized by statute to revisit an otherwise valid prior custody decision and engage in a reconsideration of the statutory best interest factors. [*Id.* at 508-509 (emphasis omitted).]

To meet his threshold burden, defendant points to the reduction in his travel to Chicago from eight times per month to four times per month. We conclude that, under the *Vodvarka* framework, defendant has failed to show proper cause or a change in circumstances that would allow the trial court to revisit custody. As noted by the trial court, "job opportunities or job schedules move up and down" and that such changes amount to "a normal life change that happens in everybody's life as we move through our careers." Additionally, there is no evidence to suggest that plaintiff lacks time to spend with the children during school weeks. Because there is no record evidence of deficiency in parental attention for which increased time with defendant would compensate, defendant's argument that altering the present custody

-4-

arrangement would have a significant positive effect on the children fails. Simply put, nothing has significantly changed since the parties divorced and agreed that plaintiff would be the children's primary custodian during the school year. Because defendant failed to demonstrate any proper cause or change in circumstances, the trial court was precluded from holding a custody hearing to consider the children's best interests, *id.* at 508-509; *Corporan*, 282 Mich App at 603-604. See also MCR 3.210(C)(8). Therefore, the trial court did not abuse its discretion in denying defendant's motion. See *Corporan*, 282 Mich App at 603-604 n 2.

Affirmed.


/s/ Anica Letica
/s/ Michael F. Gadola
/s/ Thomas C. Cameron