*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KARL W. MANKE and KARL MANKE MAIN ST.
BARBER AND BEAUTY SHOP,

UNPUBLISHED
December 15, 2022

Plaintiffs-Appellants,

v

No. 358782
Shiawassee Circuit Court
LC No. 21-005795-AA

DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, BUREAU OF
PROFESSIONAL LICENSING,

Defendant-Appellee.

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Plaintiffs, Karl W. Manke ("Manke") and Karl Manke Main St. Barber and Beauty Shop (the barbershop), appeal by leave granted the circuit court's opinion and order dismissing their claim of appeal from the final orders of the Michigan Board of Barber Examiners imposing fines for violating the Occupational Code, MCL 339.101 *et seq.* The circuit court also denied plaintiffs' motion for reconsideration or reinstatement. We affirm.

## I. BACKGROUND

Manke is a licensed barber who operates the barbershop. This case arises from administrative licensing actions that were filed against plaintiffs during the COVID-19 pandemic in the spring of 2020.[1]

On March 10, 2020, Governor Gretchen Whitmer issued Executive Order 2020-4, declaring a state of emergency because of the outbreak of COVID-19. On March 16, 2020, the governor issued an executive order placing temporary restrictions on the use of places of public

---

[1] The merits of the underlying administrative actions are not at issue in this appeal, which focuses solely on the timeliness of plaintiffs' circuit court appeal.

accommodation, Executive Order 2020-9, followed six days later by an executive order explaining that places of public accommodation included "facilities offering non-essential personal care services," Executive Order 2020-20. Nonessential personal care services were defined to include hair services. Executive Order 2020-20. On April 2, 2020, Robert Gordon, Director of the Department of Health and Human Services (DHHS), ordered all nonessential businesses to close. The closure of facilities providing hair services, like the barbershop, was set to expire at 11:59 p.m. on April 30, 2020, Executive Order 2020-43, but in Executive Order 2020-69 the deadline was extended by the governor until May 28, 2020, at 11:59 p.m. On May 4, 2020, in violation of Executive Order 2020-69, Manke reopened the barbershop.

On May 8, 2020, DHHS issued an imminent danger and abatement order, signed by Director Gordon, requiring Manke to comply with Executive Order 2020-69 and ordering that the barbershop "immediately close to the public." Manke did not close the barbershop as ordered. The Department of Licensing and Regulatory Affairs (LARA) summarily suspended Manke's and the barbershop's licenses on May 12, 2020,[2] pursuant to MCL 339.505(1).[3]

On June 22, 2020, LARA filed a single complaint charging Manke and the barbershop with violating the Occupational Code. A contested case hearing under the Administrative Procedures Act (APA), MCL 24.201 *et seq*., was held and the administrative law judge (ALJ) issued a hearing report on March 1, 2021, recommending that the Board of Barber Examiners assess a sanction consistent with the ALJ's findings of fact and conclusions of law. In two separate final orders issued on March 29, 2021, the Board of Barber Examiners fined Manke $4,500 and fined the barbershop $4,500 for violating MCL 339.604(c) and (h).[4] The orders were e-mailed to plaintiffs and their counsel on March 30, 2021.

---

[2] Plaintiffs sought review of the May 12, 2020, license suspensions in Shiawassee Circuit Court by May 18, 2020. The circuit court denied the claim of appeal because the license suspensions were not final orders under MCR 7.103(A) and plaintiffs had not exhausted their administrative remedies.

[3] MCL 339.505(1) provides in relevant part:

> After an investigation has been conducted, the department may issue an order summarily suspending a license or a certificate of registration issued pursuant to [MCL 339.801 *et seq*. to MCL 339.2501 *et seq*.] based on an affidavit by a person familiar with the facts set forth in the affidavit, or, if appropriate, based upon an affidavit on information and belief, that an imminent threat to the public health, safety, and welfare exists. . . .

[4] MCL 339.604 of the Occupational Code provides in relevant part:

> A person who violates 1 or more of the provisions of an article which regulates an occupation or who commits 1 or more of the following shall be subject to the penalties prescribed in section 602:

Plaintiffs attempted to seek appellate review[5] of the March 29, 2021 final orders in circuit court by attaching the claim of appeal to an e-mail sent by their counsel to the court clerk on April 6, 2021. The e-mail stated:

Dear Clerk,

Attached please find Mr. Manke's Petition for Review/Claim of Appeal regarding his licensing matters. Please let me know the easiest way to pay the filing fee. If you need anything else or have any questions, please let me know.

Plaintiffs and their counsel received a response to the e-mail from the court clerk approximately three hours later. The response appeared to be a screenshot taken from the circuit court's website. The response stated:

**Case initiating documents should be <u>mailed</u> along with the filing fee to the Circuit Court Clerk's office, 208 N. Shiawassee St, Corunna MI 48817. Please DO NOT email filings that you send through the mail.**

**Filings that require the return of documents should be <u>mailed</u> with a self-addressed stamped envelope to the Circuit Court Clerk's office, 208 N. Shiawassee St, Corunna MI 48817. Please DO NOT email filings that you send through the mail.**

**Filings over 50 pages shall be mailed or hand delivered to the clerk's office. Time sensitive filings may need to be mailed overnight or hand deliver. If you have a question regarding the best way to file large documents, please call 989-743-2262 #3.**

* * *

(c) Violates a rule of conduct of an occupation.

* * *

(h) Violates any other provision of this act or a rule promulgated under this act for which a penalty is not otherwise prescribed.

---

[5] Plaintiffs used the terms "petition for review" and "claim of appeal" interchangeably in the lower court proceedings. Because MCR 7.103(A)(1)(2) provides for circuit court jurisdiction of an appeal of right filed by an aggrieved party from a final decision of an agency governed by the Administrative Procedures Act, MCL 24.201 *et seq.*, we will use the term claim of appeal.

The circuit court did not accept for filing the 67-page claim of appeal.[6]

On June 3, 2021, the circuit court clerk received in the mail, and accepted for filing, a claim of appeal from the March 29, 2021 orders, and assigned a case number. On June 7, 2021, the circuit court entered an opinion and order dismissing the claim of appeal for lack of jurisdiction because the appeal was not timely filed. The opinion and order stated, in relevant part:

> This Court's appellate jurisdiction includes appeals from final orders of administrative agencies. MCR 7.103(A)(3); MCL 24.301. Such appeals must be filed within 60 days after the date of mailing of the notice of the agency's final decision or order. MCR 7.119(B)(1); MCL 24.304(1). The relevant order is dated March 29, 2020. It contains no indication of the date of mailing.

> Appellants filed this appeal on June 3, 2021, 66 days after issuance of the order. Appellants have not shown that they timely filed this appeal, and so have not demonstrated that the Court has jurisdiction to hear this matter.

> THE COURT THEREFORE ORDERS THAT the claim of appeal is DISMISSED for lack of jurisdiction. MCR 7.112; MCR 7.216(A)(10).

Plaintiffs sought reconsideration of the claim of appeal under MCR 7.114(D), asserting that the 60-day deadline for filing the claim of appeal was June 1, 2021.[7] They asserted that the court must have been unaware that plaintiffs timely filed the claim of appeal on April 6, 2021. Plaintiffs contended that their counsel did not discover until June 1 that the credit card that he used to pay the filing fee for the April 6 claim of appeal had not been charged for the filing fee. According to plaintiffs, their counsel phoned the court clerk on June 1 and asked the clerk to "accept the previously filed e-mailed claim of appeal and take his credit card information again and attempt to process the filing fee again on the morning of June 1, 2021." According to plaintiffs, their counsel was advised by the court clerk that the court would not accept the April 6 filing or accept payment of the filing fee over the phone. The court clerk advised counsel to send in a paper copy of the document and that payment for the filing could only be made by check. Rather than hand-deliver the claim of appeal to the court on June 1, plaintiffs' counsel mailed the document and payment for the filing fee to the court on June 1.

Plaintiffs also sought reinstatement of the claim of appeal under MCR 7.311(A)(1) and (2). They argued that the claim of appeal should be reinstated for three distinct reasons. First, they asserted that their counsel was unaware that the credit card had not been processed and that the

---

[6] No evidence was presented that the clerk accepted a filing fee or assigned a case number.

[7] Plaintiffs argued that the circuit court erred by finding that the 60-day time period for filing a claim of appeal began on March 29, 2021, because the orders were e-mailed to plaintiffs and their counsel on March 30, 2021. They asserted that because the 60-day time frame ended on Saturday, May 29, 2021, and because Monday, May 31, 2021, was a legal holiday, the filing deadline was June 1, 2021. The circuit court accepted that the deadline for filing a claim of appeal from the final order was June 1, 2021.

April 6, 2021 claim of appeal should be reinstated under MCR 7.113(A)(2) because they showed mistake, inadvertence, or excusable neglect. Second, they asserted that if the April 6, 2021 filing was deficient in some way, plaintiffs were entitled to notice under MCR 7.113(A)(1) that the appeal was not pursued in conformity with the court rules and that the appeal would be dismissed unless the deficiency was remedied within 14 days after service of the notice. Third, they asserted that the court clerk should have accepted a filing of the claim of appeal by e-mail on June 1, 2021.

The circuit court denied the motion, finding no palpable error with its determination that plaintiffs had filed an untimely claim of appeal. The court rejected each of plaintiffs' proffered reasons for reinstatement of the appeal. First, the court concluded that plaintiffs attempted but failed to file a claim of appeal on April 6, 2021, because the court clerk properly rejected the document for filing under MCR 8.119(C) and MCR 1.109(D)(1). The court found that the court clerk's April 6, 2021 e-mail response clearly told plaintiffs that the way to pay the filing fee was to submit it along with a paper copy of the proposed filing.[8] Second, the court found that the court clerk's April 6, 2021 e-mail provided plaintiffs' counsel notice that the filing was deficient and the opportunity to cure the deficiencies. The court found that plaintiffs had ample time before the June 1, 2021 deadline to mail or hand-deliver the claim of appeal and the filing fee. Third, the court found that there was no reason for plaintiffs' counsel to assume that the court clerk would accept a submission by e-mail on June 1 when the court clerk had already rejected an identical submission on April 6. The court concluded that "[d]espite almost two months to cure the defects, appellants did not properly file a claim of appeal until after the jurisdictional time limit expired."

## II. DISMISSAL OF THE JUNE 3, 2021 CLAIM OF APPEAL FOR LACK OF JURISDICTION

### A. STANDARD OF REVIEW

We review jurisdictional issues de novo. *Estes v Titus*, 481 Mich 573, 578; 751 NW2d 493 (2008). "The interpretation of statutes and court rules is also a question of law subject to de novo review[.]" *Id*. at 578-579. "A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Johnson v USA Underwriters*, 328 Mich App 223, 247; 936 NW2d 834 (2019) (quotation marks and citation omitted).

### B. ANALYSIS

Under the Michigan Court Rules, the circuit court has jurisdiction of an appeal of right filed by an aggrieved party from a final order or decision of an agency governed by APA. MCR

---

[8] The court rejected plaintiffs' assertion that their counsel called the court clerk on April 7, 2021, and provided payment information for the filing fee, noting that plaintiffs did not explain way plaintiffs would attempt to pay the filing fee for a filing that had already been rejected.

7.103(A)(2). The time limit for an appeal of right is jurisdictional. MCR 7.104(A).[9] To vest the circuit court with jurisdiction over the appeal, an appellant must file with the clerk of the circuit court the claim of appeal and the filing fee "within the time for taking an appeal." MCR 7.104(B). MCR 7.119 "governs an appeal to the circuit court from an agency decision where MCL 24.201 *et seq*. applies." Under MCR 7.119(B)(1), as relevant to this case, "Judicial review of a final decision or order shall be by filing a claim of appeal in the circuit court within 60 days after the date of mailing of the notice of the agency's final decision or order." See also MCL 24.304(1) ("A petition shall be filed in the court within 60 days after the date of mailing notice of the final decision or order of the agency, or if a rehearing before the agency is timely requested, within 60 days after delivery or mailing notice of the decision or order thereon."). Plaintiffs do not dispute that the time limit for filing an appeal of right in this case was June 1, 2021. Accordingly, the circuit court properly dismissed the June 3, 2021 claim of appeal for lack of jurisdiction.

## II. MOTION FOR RECONSIDERATION OR REINSTATEMENT

### A. STANDARD OF REVIEW

The circuit court's dismissal of the claim of appeal for lack of jurisdiction on the basis that the claim was not timely filed was sua sponte. Plaintiffs moved for reconsideration and reinstatement of the appeal, arguing that the circuit court erred by finding that the claim of appeal was not timely filed. Generally, an issue first presented in a motion for reconsideration is unpreserved. *Vusaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). But here, plaintiffs' motion for reconsideration and reinstatement of the claim of appeal was filed in response to the circuit court's sua sponte dismissal of the claim of appeal. Indeed, plaintiffs had no reason to make an argument regarding timeliness of the filing of the claim of appeal at any earlier point in the proceedings. We consider this issue preserved for appeal. A ruling on a motion for reconsideration is reviewed for an abuse of discretion. *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009). An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

### B. ANALYSIS

Plaintiffs first argue that the April 6, 2021 claim of appeal should have been accepted because their counsel properly filed it with the circuit court and provided the court clerk with credit card information to pay the filing fee. However, plaintiffs' counsel was plainly instructed, in the first paragraph of the court clerk's April 6 e-mail response, that case-initiating documents should be filed by mail with the filing fee. Counsel was also instructed in the third paragraph of the response that a filing "over 50 pages *shall* be mailed or hand delivered to the clerk's office."

---

[9] "[A] circuit court lacks jurisdiction over an untimely filed claim of appeal." *Quality Market v Detroit Bd of Zoning Appeals*, 331 Mich App 388, 393; 952 NW2d 603 (2019). "[A] court must take notice of the limits of its authority, and should on its own motion recognize its lack of jurisdiction and dismiss the action at any stage in the proceedings." *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992).

(Emphasis added.) The use of the term *shall* generally denotes mandatory action. *Manual v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008). The third paragraph does not indicate that some sort of exception existed whereby an appellant could e-mail a filing over 50 pages. The document that plaintiffs attempted to file consisted of 67 pages. Despite the response and instruction from the court clerk, plaintiffs' counsel did not mail or hand-deliver the claim of appeal and the filing fee to the circuit court. MCR 8.119(C) allows the court clerk to reject documents that are not accompanied by a filing fee or a request for a fee waiver. The rule also allows the court clerk to reject documents that do not comply with MCR 1.109(D)(1). MCR 1.109(D)(1)(a) provides that "[a]ll documents prepared for filing in the courts of this state must be . . . on good quality 8½ x 11 inch paper or transmitted through an approved electronic means . . . ." The e-mailed filing of the 67-page claim of appeal was not an approved method of filing a case-initiating document as reflected in the court clerk's e-mail response.[10] Because plaintiffs did not properly file the claim of appeal given the lack of compliance with MCR 8.119(C) and MCR 1.109(D)(1)(a), the circuit court did not err by finding that plaintiffs attempted but failed to file a claim of appeal on April 6, 2021.

Because no appeal existed in the circuit court on June 1, 2021, the circuit court properly rejected plaintiffs' argument that the court clerk should have simply allowed plaintiffs to e-mail the claim of appeal to the court clerk on that day because it was duplicative of the claim of appeal that plaintiffs had e-mailed to the court clerk on April 6, 2021, and allowed their counsel to pay the filing fee on June 1 by providing a credit card over the phone. The error in plaintiffs' argument is that the April 6, 2021 claim of appeal had been rejected. The circuit court aptly noted that there was no reason for plaintiffs' counsel to assume that the court clerk would accept on June 1 what the court clerk had rejected on April 6. By plaintiffs' own admission, the court clerk advised plaintiffs' counsel on the morning of June 1 that a paper copy of the claim of appeal had to be filed and that a check for payment of the filing had to accompany the filing. Despite knowing that the deadline for filing the claim of appeal was that very day, plaintiffs did not file a paper copy of the claim of appeal that day.

Next, citing the circuit court's explanation that the e-mailed filings were not accompanied by a filing fee and did not comply with MCR 8.119(C) and MCR 1.109(D)(1)(a), plaintiffs argue that they were not provided notice of these deficiencies under MCR 7.113(A)(1).

MCR 7.113(A)(1) refers to "an appellant" pursuing "an appeal;" that is, an existing appeal. The rule applies to the dismissal and reinstatement of appeals that have already been accepted for filing and does not extend to an appellant's errors that render an appeal not timely filed in the first place. Plaintiffs seek to utilize MCR 7.113(A)(1) to correct a failure to timely file the claim of

---

[10] Plaintiffs assert that it makes no sense why their April 6, 2021 filing was rejected when their counsel followed the same procedures he had previously used and had been instructed to follow. The e-mail exchanges on which plaintiffs rely demonstrate that counsel was aware that the procedures with respect to filings during the COVID-19 pandemic were irregular and shifting. However, the proper procedure at any given time was available. Even if that was not the case, the court clerk's April 6, 2021 e-mail was clear as to its rejection of the claim of appeal and the proper way to refile.

appeal. MCR 7.113(A) does not extend to an appellant's errors which render an appeal not timely filed. MCR 7.101(B) explicitly states that subchapter 7.100 of the Michigan Court Rules, which governs appeals to the circuit court, "do[es] not restrict or enlarge the appellate jurisdiction of the circuit court." Because plaintiffs' appeal was filed after the jurisdictional deadline, the circuit court did not have jurisdiction to hear the appeal or grant plaintiffs 14 days to correct the filing error under MCR 7.113(A)(1). Similarly, because the April 6, 2021 claim of appeal had not been accepted for filing, there was no "appeal" to reinstate because of "mistake, inadvertence, or excusable neglect" under MCR 7.113(A)(2), and plaintiffs' argument that the trial court erred by failing to reinstate the appeal under MCR 7.113(A)(2) is without merit.

The circuit court did not have jurisdiction over plaintiffs' June 3, 2021 untimely claim of appeal and properly dismissed the appeal. We find no abuse of discretion in the circuit court's denial of plaintiffs' motion for reconsideration or reinstatement.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

-8-